Davis *v*. Young.

DAVIS *v*. YOUNG.

(*Jackson.* June 4, 1891.)

SEDUCTION. *Suit for, not barred, when.*

Father's suit for seduction of daughter is not barred, though her first act of sexual intercourse with the defendant occurred more than one year anterior to the commencement of the suit, if that act was induced by a promise of marriage, and was followed by other like acts, occurring within one year next before the institution of the suit, induced by continuation and renewal of said promise.

Case cited and overruled: Franklin *v*. McCorkle, 16 Lea, 609.

FROM CHESTER.

Appeal in error from Circuit Court of Chester County. LEVI S. WOODS, J.

I. F. HUDDLESTON for Davis.

M. F. OZIER and E. L. BULLOCK for Young.

TURNEY, Ch. J. The plaintiff sues to recover damages for the seduction of his daughter. The second count of the declaration avers the daughter to be under twenty-one years of age; that defendant, on April 1, 1889, and at divers other

times from that day to the bringing of this suit, promised to marry Emma Davis, and make her his lawful wife, if she would yield to him and satisfy his unholy lusts. By means of which said promises she was seduced, etc.

A demurrer to the declaration was sustained, on the ground that the suit was brought more than twelve months after the day laid in the declaration.

This was error. The averments that the acts constituting the wrong complained of were committed under a promise of marriage, and that such promise was continued and renewed from time to time to a period less than twelve months before the bringing of the suit saves the bar. Trusting to the good faith of the defendant, and relying upon his promises, the daughter was overreached. The promise continued to influence her, and each yielding must be accredited to the promise. It is not presumable that the promise was meant by the one and understood by the other to be carried out and performed immediately after the accomplishment of his first act of defilement, but at some future time.

As it was alone upon the faith of the promise that the purpose of the defendant could be achieved, it follows as of course that each successive submission by the daughter was in consideration of that promise, and so understood by the defendant. Therefore, the seduction is made up of the several violations by the defendant, and he will not be permitted to confine her remedy to the first illicit act as the only one of seduction, and, when sued,

relieve himself by showing that first act to have occurred more than twelve months before suit brought. Such limitation places it in the power of the unprincipled to effect the ruin of the confiding female, and then, by flattering the confidence and hopes of his victim, persevere in her debauchery at his will, and at last ignore all his cruel deceptions of the meantime, and insult the disgrace he has brought about by pleading the twelve months statute as applicable to the first act in his series of villainy. It should never be that one, by confessing his infamy, may, by multiplying the evidences of that infamy, acquit himself from accountability for its consequences.

To hold that, under promise of marriage deceitfully made for the purpose of seduction, the first illicit act completes the offense, and the statute then begins to run, is to offer a reward to the unscrupulous to do many wrongs that he may escape the bitter consequences of his deceit, and to have him know that the longer he practices his frauds and imposes upon a trusting woman, the more sure he is of going unwhipped of justice. *Franklin* v. *McCorkle*, 16 Lea, 609, is overruled.

The attachment is not based on any statutory ground. The judgment discharging it is affirmed.

The judgment sustaining the demurrer to second count of declaration is reversed. The averments of injury to the good name of plaintiff and family are proper in aggravation of damages.

Judge Lea dissents.