## WASHINGTON *v.* THE STATE.

1. The ruling made in *Keller* v. *State*, 102 *Ga.* 506, that the woman seduced is not an accomplice in the crime of her own seduction, within the meaning of the word "accomplice" as used in the Penal Code, § 991, is, upon a review of that case, approved and adhered to.

2. Where upon the trial of a criminal case the court fully and correctly instructed the jury as to the presumption of the innocence of the accused, the burden upon the State to prove his guilt to the moral and reasonable satisfaction of the jury and beyond a reasonable doubt, and as to the meaning of a reasonable doubt, there was no error in charging the jury that if the State had shown to their "satisfaction" the facts necessary to constitute the offense charged in the indictment, they should find the accused guilty, without informing them, in this immediate connection, "what should constitute satisfaction or what amount of proof would create a state of mind and conscience covered by the word 'satisfaction,' or to what extent the evidence should go to bring the mind of the jury to the state of satisfaction."

3. Upon the trial of one charged with the crime of seduction, the test by which to determine whether the woman was virtuous at the time of her alleged seduction is physical, not moral, chastity.

4. The charge of the court did not fail to differentiate the offense of fornication from the offense of seduction; and if more specific instructions as to the nature of the lesser offense were desired by the accused, he should have made a timely and appropriate request for the same. The charge did not, in effect, instruct the jury that if they were satisfied that the accused was guilty of the offense of fornication, they should find him guilty of seduction.

5. The charge of the court, that the jury should arrive at their verdict "solely from the evidence and the law, and by nothing else," considered in the connection in which it was given, was not erroneous.

6. The fact that the instructions of the court in reference to the prisoner's statement were given at the conclusion, instead of elsewhere in the charge, is not ground for an exception.

7. Before a written statement by a witness, contradictory of his testimony in the case, can be proved against him, it must, if in existence, be shown to him, or. read in his hearing, unless it be a written statement made under oath in connection with some judicial proceeding.

8. There was no error in allowing the woman alleged to have been seduced to testify that her love for the accused caused her to yield to the sexual intercourse.

9. The defendant's signatures to pleas in abatement which had been filed in the case by him, and which had been passed upon and disposed of by the court, could not, by mere reason of the filing of such pleas, be shown to the jury by his counsel, as standards of the genuine handwriting of the accused, with which to compare the handwriting and signature of a letter introduced in evidence by the State as having been written by the accused, for the purpose of determining, by such comparison, whether he really wrote or signed such letter.

10. The fact that the woman alleged to have been seduced sat in the presence of the jury and wept, during the argument of counsel for the State, is not cause for a new trial, when no objection was made to this at the time it occurred, and the court was not requested to take any action whatever in reference to the matter.

11. Evidence as to the good character of the accused, offered after verdict to support a motion for a new trial, is not cause for granting such motion.

12. Affidavits introduced upon the hearing of a motion for a new trial, purporting to contain newly discovered evidence, which is nowhere referred to in such motion, can not be considered by the court.

13. There is no abuse of discretion in refusing to grant a new trial because of alleged newly discovered evidence introduced upon the hearing of the motion, when such evidence is either merely cumulative of evidence introduced upon the trial of the case, or impeaching in its nature, and all of it is contradicted by affidavits introduced by the opposite party.

14. A letter received by the accused since the trial, purporting to have been written to him by the woman alleged to have been seduced, in which it was stated that he was not guilty of having seduced her, but another named person was, even if proved to have been written by her, would afford no cause for granting a new trial.

15. The evidence was sufficient to authorize the verdict, and there was no error in refusing to grant a new trial.

Argued November 20,—Decided December 21, 1905.

Indictment for seduction. Before Judge Reagan. Butts superior court. September 7, 1905.

*R. L. Berner* and *T. J. Dempsey,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.

FISH, C. J. Jeffie Washington was convicted of the crime of seduction, and brought the case here for review, by excepting to the overruling of his motion for a new trial.

1. "The victim of a seduction is not an 'accomplice' to the offense committed, in the sense in which the word just quoted is used in the Penal Code, § 991, requiring the testimony of at least two witnesses to convict of a felony, or corroborating circumstances, 'where the only witness is an accomplice.'" This ruling was made by a full bench in *Keller* v. *State,* 102 *Ga.* 506. In the present case leave was granted to review that decision, but, upon a careful re-examination of the question, we are thoroughly satisfied of the correctness of the ruling then made, and now adhere to the same. In addition to what was said on the subject in the *Keller* case, it is very clear to our minds that when the crime of seduction is committed, the woman who is seduced and induced to yield to the lustful embraces of the man, by his persuasions and promises of marriage, or other false and fraudulent means employed by him, is not an accomplice to the crime, but obviously a victim of the seducer. We do not see how she can be an accomplice in a crime the very gist of which consists in persuasions and promises, or other false and fraudulent means, directed against herself. Can she plot and plan, persuade and promise, for the purpose of overcoming her own will and accomplishing her own ruin? Can she employ false and fraudulent means upon herself? Clearly, as to the crime of seduction, she can not be an accomplice. The statutes of some of the States in reference to the crime of seduction contain a provision that a person can not be convicted of this offense upon the uncorroborated testimony of the woman who is claimed to have been seduced. 25 Am. & Eng. Enc. L. 243. The authority cited by the plaintiff in error, to the effect that the testimony of the woman alleged to have been seduced must be corroborated, is the decision of a court in a State where the statute so requires. There is no such statute in this State.

2. The court instructed the jury as follows: "The State is not confined to the day named in the indictment, necessarily; but if the State has shown to your satisfaction that he seduced her, that she was a virtuous, unmarried female, and that it was in this county within four years prior to the finding of the indictment, and that he seduced her by persuasions and promises of marriage to

yield to his lustful embraces and let him have carnal knowledge of her; if the State has shown this to your satisfaction, you should find him guilty of seduction." The error assigned upon this instruction is, that it did not inform the jury "what should constitute satisfaction or what amount of proof would create a state of mind and conscience covered by the word 'satisfaction,' or to what extent the evidence should go to bring the mind of the jury to the state of satisfaction." There is no merit in this exception. It appears from the charge of the court in the record that the jury were fully and correctly instructed as to the presumption of the innocence of the accused, the burden upon the State to prove his guilt to the moral and reasonable satisfaction of the jury and beyond a reasonable doubt, and as to the meaning of a reasonable doubt. In view of these instructions, the jury evidently must have understood the court's use of the words "to your satisfaction" to mean to their satisfaction beyond a reasonable doubt. The court having fully instructed the jury as to the degree of conviction of the guilt of the accused which the evidence must produce in their minds before they would be authorized to convict him, the jury were obliged to understand, when the court charged them that certain things must be shown to their satisfaction before they could convict, that the proof in reference thereto must produce this requisite degree of mental conviction before a verdict of guilty could be rendered.

3. The court instructed the jury that it was a question for them to determine, from the evidence submitted, whether the woman alleged to have been seduced was virtuous at the time of the alleged seduction, "that is, had she at that time had sexual intercourse with another man? If she had, she was not a virtuous woman; if she had not, she was a virtuous woman." This charge was excepted to on the ground that it confined the jury to a consideration of her physical chastity, and eliminated all consideration by the jury of any fact or circumstance tending to show her want of moral chastity. This exception was not well taken. The court, in this instruction, was giving to the jury the legal meaning of the expression "a virtuous . . female," as applied to a woman who had never married, in reference to the crime of seduction, and the definition given was substantially correct. The general rule is that "unmarried females who are virgins are virtuous; and those who, by their own consent, have ceased to be virgins, are not virtuous."

*O'Neill* v. *State,* 85 *Ga.* 383, 407-8. "The jury should treat [the woman alleged to have been seduced] as virtuous unless the evidence, direct or circumstantial, should satisfy them that she had lost her virtue, by having illicit intercourse." *McTyier* v. *State,* 91 *Ga.* 254. The court charged the jury that they were to determine the question whether the woman was virtuous at the time of the alleged seduction, from the evidence submitted. This included the evidence of want of moral chastity, if, indeed, there was such evidence, as well as all the other evidence submitted. It is true that if there be evidence of want of moral chastity of the female alleged to have been seduced, it may be considered by the jury on the question whether she, though a virgin, was really seduced, or whether she shared the illicit intercourse for the gratification of lascivious propensities, not inflamed by the arts or importunities of the accused (*O'Neill* v. *State,* supra); but if the court, in such a case, should fail to instruct the jury that they might consider such evidence for the purpose indicated, the accused should make a timely and appropriate request that such instruction be given.

4. Another instruction to the jury which is excepted to was: "If you should not be satisfied that the defendant is guilty of the offense of seduction, but are that he was guilty of sexual intercourse with the woman, you could then find him guilty of fornication if both were unmarried at the time the intercourse took place, if you find it took place at all. If you are satisfied he is guilty of fornication, you should find him guilty. If you are not satisfied he is guilty of fornication, you should acquit him." One error assigned upon this charge was, that it failed to differentiate fornication from seduction, and that "the court should have charged the jury that if the woman yielded to defendant in response to her lustful desire, or if she did so simply because defendant promised to marry her without more, it would have been fornication." Another error assigned is, that the effect of this charge was to instruct the jury that if they were satisfied that the accused was guilty of fornication, they should find him guilty of seduction. The court more than once, in the charge to the jury, had fully and correctly instructed them as to the essential elements of the offense of seduction, and the charge now under consideration, in effect, defined the offense of fornication. If the accused desired a more specific charge as to

the offense of fornication, it should have been properly requested. The instruction, that if the jury were satisfied that the accused was guilty of fornication, they should find him guilty, could not have been understood by the jury as meaning that if they were thus satisfied they should find him guilty of seduction; for this instruction immediately followed the charge, "If you should not be satisfied that the accused is guilty of the offense of seduction, but are that he is guilty of sexual intercourse with the woman, you could then find him guilty of fornication, if both were unmarried at the time the intercourse took place." The meaning of the instruction excepted to in this assignment of error was clear from the connection in which it was given, and the jury could not have been misled by it.

5. Error was assigned upon the following excerpt from the charge of the court: "Arrive at your verdict solely from the evidence and the law, and by nothing else." The exception was that this excluded from the jury all consideration of the defendant's statement, especially as no instructions were given as to the statement of the accused until at the close of the judge's charge. This excerpt from the charge should be considered in the connection in which it was given. The court instructed the jury to "take the evidence in the case and find what the truth of this transaction is; and when you find it let your verdict speak the truth. Arrive at your verdict solely from the evidence and the law, and by nothing else. Let no outside circumstances influence you in the least, but take the case and consider it as honest, conscientious jurors, and find the truth." So considered, the excerpt was not erroneous, especially in view of the often-repeated rule that "The general tenor of the charge of the court on the trial of a criminal case should be shaped by the evidence alone and the law applicable thereto, adding, or at some stage of the charge incorporating, the statutory provisions touching the prisoner's statement." *Hays* v. *State,* 114 *Ga.* 25, and cit.; *Foskey* v. *State,* 119 *Ga.* 72.

6. There was no merit in an exception that the judge did not instruct the jury in reference to the prisoner's statement until after the rest of the charge had been given. The fact that these instructions were given at the conclusion, instead of elsewhere in the charge, is not ground for an exception.

7. On the cross-examination of the woman alleged to have been seduced, counsel for the accused asked the following question: "Don't you remember writing a letter in which you stated he had not given you the ring?" She answered, "No, sir." Upon objection by the solicitor-general this answer was excluded, unless the letter should be exhibited. No letter was shown to the witness. She, on direct examination, had testified that the accused had given her a ring. The evident purpose of defendant's counsel was to lay the foundation for impeaching the witness by proof of a contradictory statement made in writing. The rule is that before a contradictory written statement can be proved against a witness, unless it be a written statement made under oath in connection with some judicial proceeding, it must be shown to him, or read in his hearing, if in existence. Penal Code, § 1026. The ruling of the court was, therefore, not erroneous.

8. Nor did the court err in allowing, over the objection of the accused, the woman alleged to have been seduced to testify that her love for the accused caused her to yield to the intercourse. The objection urged was that it was for the jury to determine from the facts why she so yielded.

9. Prior to the trial of the case on its merits, the accused filed an original and an amended plea in abatement, to which his signatures were attached. The court passed on these pleas. During the trial of the case on its merits, counsel for the accused, during his argument to the jury, undertook to use the signatures to such pleas for the purpose of comparing them with a letter which had been introduced by the State, purporting to have been written and signed by the accused, and to show by such comparison that the letter and the signature thereto were not in his handwriting. The court refused to allow defendant's counsel to make such use of the signatures to these pleas, because they were not such parts of the pleadings as could be so used without being introduced in evidence. There was no error in this ruling. The issue raised by these special pleas had been disposed of, and they were no part of the pleadings in the issue before the jury. They were in no sense before the jury, and could not be unless they had been introduced as evidence.

10. Another ground of the motion for a new trial was, that during the argument for the State the woman alleged to have been seduced sat in the presence of the jury and wept. The court certifies

that counsel for the accused saw and heard this, but raised no objection to it.   We do not think such conduct of the woman cause for a new trial, especially as counsel for the accused made no objection to the same, and did not request the court to take any action in reference to the matter.   This court has frequently held that where counsel make unauthorized and improper remarks in their arguments before juries, opposing counsel should call attention to the same, and either move for a mistrial or request the court to instruct the jury to disregard such statements.   *Bowens* v. *State,* 106 *Ga.* 764, and cit.   "The failure of the court to interpose of its own motion in a case of impropriety in its presence will not generally be a sufficient reason to set aside a verdict at the instance of a party, when no objection to the impropriety was made pending the trial, and no ruling in reference thereto was invoked from the court."   *O'Dell* v. *State,* 120 *Ga.* 152 (5).   So where the disqualification of a juror was known to the accused before the jury was sworn, it is no cause for a new trial.   *Keener* v. *State,* 18 *Ga.* 194; *Cohron* v. *State,* 20 *Ga.* 752.   So where one of the jurors was asleep during a portion of the trial, this was held not to be ground for a new trial, unless it affirmatively appeared that the accused and his counsel did not know of this circumstance before the jury retired to make a verdict.   *Cogswell* v. *State,* 49 *Ga.* 103.   In State *v.* Laxton, 78 N. C. 564, it appeared that during the trial of one accused of rape certain members of the family of the prosecutrix sat within the bar of the court, and occasionally wept during the argument of the State's counsel and withdrew when the prisoner's counsel began to address the jury.   No complaint was made or objection offered during the trial.   It was held that the failure of the judge to restrain such conduct was not cause for a new trial.

11. Evidence as to the good character of the accused, offered after verdict, to support a motion for a new trial, is not cause for granting such motion.

12. On the hearing of the motion for a new trial, movant put in evidence the affidavits of certain persons to the effect that they knew the handwriting of the accused, and that since the trial they had examined a letter introduced by the State on the trial, purporting to have been written by him to the woman alleged to have been seduced, and that such letter and the signature thereto were not, in their opinion, in his handwriting.   The evidence of such witnesses

was nowhere referred to in the motion for a new trial, and, therefore, could not be considered by the court.

13. On the hearing of the motion, the movant submitted other affidavits containing alleged newly discovered evidence, which, however, were merely cumulative or impeaching in their character, and all of which were contradicted by affidavits introduced by the State. The trial judge passed upon this alleged newly discovered evidence in view of the contradicting affidavits submitted by the State, and either considered it unworthy of belief, or as not of such a character as would likely produce a different result on another trial. It is well settled that alleged newly discovered evidence of this character is not generally cause for a new trial, even where it is uncontradicted; and it is perfectly clear that where it is contradicted by evidence introduced by the State on the hearing of the motion, there is no abuse of discretion in refusing to grant a new trial upon the ground of the existence of such evidence and its discovery since the rendition of the verdict.

14. The motion for a new trial alleged that since the conviction of the accused he had received, by due course of mail, a letter purporting to have been written and signed by the woman alleged to have been seduced, in which it was stated that he was not guilty of seducing her, but another named person was; that she had heard that the accused had been granted a new trial, and if he would send her one hundred dollars, she would leave the country and stop the trouble. Affidavits of several persons were submitted by the movant, to the effect that the affiants saw him receive this letter; that they were acquainted with the handwriting of the woman, and the letter and signature thereto were in her handwriting. The State submitted the affidavits of several persons, to the effect that they knew her handwriting and that she did not write and sign this letter, also her affidavit that she did not write the letter. Even granting that she wrote such a letter, it was not cause for a new trial. Evidence that a State's witness, since the trial, has made declarations, even under oath, that his testimony given upon the trial was false, is not cause for a new trial. *Jordan* v. *State,* ante, 417, and cit.; Civil Code, § 5366.

15. We have carefully scrutinized the evidence submitted by the State on the trial; and while the testimony of the woman alleged to have been seduced was self-contradictory as to the month when

she claimed to have been seduced, she was at all times positive as to the place where the seduction occurred, and that the offense was committed in the summer of a given year. The jury were the judges of her credibility, the trial judge approved the verdict, and this court can not say that he committed error in so doing.

*Judgment affirmed.·  All the Justices concur, except Beck, J., disqualified.*