### 9605. PLUMER *v.* THE STATE.

1. Refusal to grant a continuance was not error.
2. A conviction of seduction was authorized by the evidence.

DECIDED MAY 1, 1918.

Indictment for seduction; from Fayette superior court—Judge Searcy. February 16, 1918.

*J. W. Culpepper, W. I. Heyward,* for plaintiff in error.

*E. W. Owen, solicitor-general,* contra.

HARWELL, J. 1. Error is assigned on the overruling of the defendant's motion to continue, based on the absence of two witnesses, who it was claimed would testify that they had had sexual intercourse with the prosecutrix prior to the time that defendant was charged with seducing her. One of these witnesses, it was shown, lived in Spalding county, and another was at Camp Gordon. The defendant was indicted at the March term, 1917, and

tried on the eighth day of the September term. His counsel stated that at the March term he (counsel) gave the names of these witnesses to the clerk to be subpœnaed, and the clerk promised to issue the subpœnas and give them to the sheriff; that he relied upon what the clerk had told him, and thought the subpœnas had been issued until last week. He asked for a postponement of the case until these witnesses could be brought. The clerk stated that he had no recollection of a request by counsel to issue these subpœnas, but would not say that it did not occur. The defendant stated that, relying upon his counsel, he thought these witnesses had been subpœnaed, until the last week, and that he and his attorney went to the clerk's office and found that the subpœnas had not been issued, and then got subpœnas and gave them to the sheriff to serve. The court, in a note to this ground of the motion for a new trial, states that "The agreement between Mr. Culpepper and his client as to subpœnaing witnesses and the delivery of a list of witnesses to the clerk as testified about occurred at the March term, 1917, of court. The motion to continue and the trial occurred at the September term, 1917, of court, and on the eighth day of that term. Between these two terms of court the defendant made no effort to get these two witnesses subpœnaed." We are not prepared to say that according to the facts appearing in the record the defendant and his counsel used proper diligence in attempting to secure the attendance of these witnesses. Six months intervened without any effort being made by defendant or his counsel to find out if these witnesses had been subpœnaed. Moreover, it appears that some ten days before the trial the defendant talked to these witnesses, and it does not appear that he made any inquiry at that time to find out whether or not they had been subpœnaed. It does not appear how many days before the trial these subpœnas had been delivered to the sheriff. The trial was on the eighth day of the term, evidently on Monday. The statement of defendant and his counsel is that "they were delivered to the sheriff last week." It does not appear that the sheriff did not do all in his power to subpœna these witnesses after these subpœnas had been delivered to him. The presumption of law is that officers do their duty, and it will be presumed in the absence of anything to the contrary that he did attempt, after these subpœnas had been placed in his hands, to serve them. Furthermore, it does not appear from

the showing that the sheriff was ever informed as to the residence of these witnesses, who lived out of the county. Compare *Glover* v. *State,* 89 *Ga.* 391 (15 S. E. 496); *Jones* v. *State,* 125 *Ga.* 307, 308 (54 S. E. 122). It further appears that on the trial of the case the defendant introduced two witnesses who testified to alleged acts of sexual intercourse with the prosecutrix. Hence, if the testimony of these absent witnesses had been procured, it would simply have been cumulative of that introduced by the defendant on the trial. "Where there are present at the trial other witnesses by whom the defendant can prove the same facts as those to which an absent witness would swear, the court, in the exercise of a sound discretion, may refuse a continuance based on the ground of the absence of such witness who has not been served with a subpœna." *Jones* v. *State,* supra. See also *Salmons* v. *State,* 118 *Ga.* 763 (45 S. E. 611); *Taylor* v. *State,* 135 *Ga.* 622 (2) (70 S. E. 237); *Huffman* v. *State,* 95 *Ga.* 469 (2) (20 S. E. 216). Under the facts appearing in the record, we can not say that the trial judge abused his discretion in overruling the motion to continue.

2. It is insisted by the able counsel for the plaintiff in error that the evidence did not show a case of seduction,—that the testimony of the prosecutrix showed simply a meretricious transaction, amounting to fornication only; and counsel cite, in support of this contention, *Disharoon* v. *State,* 95 *Ga.* 353 (22 S. E. 698), and other cases in which it has been held that the evidence did not authorize a conviction of seduction. We can not agree with this contention. While certain isolated expressions in the testimony of the prosecutrix might tend to support this contention, we think, taking her evidence as a whole, that it showed both persuasion and promise of marriage, all of the elements necessary to support a conviction of seduction. Her evidence showed that the defendant was her Sunday-school teacher, had courted her for a number of years, won her love, engaged to marry her, and then wrought her ruin. She was a girl, only seventeen years of age, when he began his attentions. It would serve no useful purpose to enter into a full discussion of the evidence. We think it authorized the verdict, and that the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*