GEORGE HEGGIE *v.* ELIZABETH HAYES.

(*Knoxville.*  September Term, 1918.)

1. **BREACH OF MARRIAGE PROMISE. Pleading. Variance.**

In breach of promise suit, that declaration alleged a contract of
marriage entered into October 1, 1915, and the proof showed a
contract entered into in September, 1912, did not create a fatal
variance;  there being only one contract of marriage.  (*Post, pp.*
221-223.)

Case cited and approved:  May v. Railroad, 129 Tenn., 521.

Case cited and distinguished: Lady Shandois v. Simpson, Cro. Eliz.,
880.

2. **PLEADING. Cure by verdict.**

A misstatement of time in a declaration is cured by the verdict.
(*Post, pp.* 223, 224.)

Case cited and approved:  Nashville Life Ins. Co. v. Mathews, 76
Tenn., 499.

3. **SEDUCTION. Pleading. Variance.**

In suit for seduction, that seduction was alleged to have occurred
on October 1, 1915, whereas the proof tended to show that it oc-
cured in September, 1912, will not support contention that there
is no evidence to prove case laid in the declaration. (*Post, p.*
224.)

4. **LIMITATION OF ACTIONS. Seduction. Breach of marriage prom-
ise. Accrual of right.**

Where all of the time the unlawful relation· continued the parties
were under a contract of marriage, the Statute of Limitations
would not begin to run until the last act of seduction was had
under the promise of marriage.  (*Post, pp.* 224, 225.)

Case cited and approved:  Davis v. Young, 90 Tenn., 303.

5. **LIMITATION OF ACTIONS.** Seduction. Breach of marriage promise. Accrual of right.

Although contract of marriage was not entered into prior to the first unlawful act, if the contract existed thereafter concurrently with the illicit intercourse, such contract of marriage was sufficient to prevent the defendant from referring the Statute of Limitations to the first unlawful act. (*Post, pp.* 225, 226.)

Case cited and approved: Ferguson v. Moore, 98 Tenn., 342.

6. **ESTOPPEL.** Admissions by counsel. Judicial estoppel.

In suit for breach of promise and seduction, where defendant's counsel conceded to jury that plaintiff had a good reputation, and the case was tried on that theory, it was not reversible error for the court, on motion for new trial, to disregard testimony to the effect that others had enjoyed sexual favors from plaintiff prior to time of charge of seduction. (*Post, pp.* 226-228.) ·

Case cited and distinguished: Stearns Coal & Lumber Co. v. Jamestown Ry., 141 Tenn., —.

7. **APPEAL AND ERROR.** Review. Intermediate courts. Extent.

It is the duty of the supreme court to ascertain if there are any errors in action of court of civil appeals and to correct such errors, but not to go over the entire record and decide the case as a new controversy. (*Post, p.* 228.)

---

### FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and from the Court of Civil Appeals to the Supreme Court.—Hon. NATHAN L. BACHMAN, Judge.

W. B. MILLER and GEORGE H. WEST, for appellant.

THOMPSON, WILLIAMS & THOMPSON and J. H. DALY, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought for breach of promise and seduction. There was a judgment below in favor of plaintiff for $5,000 for the breach of promise of marriage, and $11,000 for seduction. The court of civil appeals affirmed so much of the judgment as related to the breach of promise, but directed a remittitur of $8,000 on that portion of the judgment relating to seduction, and entered a total judgment of $8,000.

Both sides have filed petitions for *certiorari,* the plaintiff in error insisting that there should have been no recovery against him at all, and the defendant in error complaining of the remittitur suggested by the court of civil appeals, which she accepted under protest. The case has been argued in this court.

We have discussed the facts of this case orally, and do not find it necessary to embody them in this opinion, and shall only consider herein the questions of law raised by the parties.

It is conceded by the plaintiff in error that there was some evidence below of a marriage contract between the parties, and of a breach of that contract, and that there was some evidence below of seduction, but it is maintained that these matters were not proved as alleged in the declaration, or, in other words, that there was no evidence to sustain the verdict of the jury as the case was laid.

The first count of the declaration alleges a contract entered into ·between the parties whereby they mutually agreed to marry each other, and that this contract was entered into October 1, 1915. The plaintiff below

averred that she had continued unmarried and ready and willing to marry the defendant below, and on divers days had requested that the compact be fulfilled, but that the defendant below refused, and still refuses, to carry out said contract.

Proof introduced tended to show that the contract of marriage was entered into between the parties in September, 1912, instead of in October, 1915, as averred in the declaration, and it is urged that there is a fatal variance between the pleading and the proof.

This argument is not well taken. The alleged variance relates only to the matter of time.

While it is true that in personal actions, the rule of the common law is that the time must be stated, nevertheless, as said by Mr. Stephens:

"The time is considered in general as forming no material part of the issue, so that one time may be alleged and another proved. The pleader therefore assigns any time he pleases to a given fact." Stephens on Pleadings, star p. 292.

Mr. Stephens goes on to say that the time should be alleged under a *videlicet* unless the pleader wishes to be held to prove such time strictly. We suppose, however, that in modern pleading a videlicet is not strictly required. This is only a matter of form.

The modern rule is thus stated by Mr. Shipman:

"In all matters generally speaking, save those previously mentioned, time is considered as forming no material part of the issue, so that the pleader, when required to allege a time for any traversable fact, is not compelled to allege it truly, and may state a fact as occurring at one time and prove it as happening at

a different time.  The reason of the rule is that as a day is not an independent fact or substantive matter, but a mere circumstance or accompaniment of such matter, it obviously cannot in its own nature be material, and can only be made so, if at all, by the nature of the fact or matter in connection with which it is pleaded.   Therefore, if a tort is stated to have been committed, or a parol contract made on a particular day, the plaintiff is in neither case confined in his proof to the day as laid, but may support the allegation by proof of a different day, except that the day as laid in the declaration and as proved must both be prior to the commencement of the suit.''   Shipman's Common-law Pleading, p. 391.

That a parol contract may be laid as of one day and proven as of another has been the rule since the *Lady Shandois* v. *Simpson,* Cro. Eliz., 880.

''Time is usually immaterial and need not be ˙proved as laid, but when material as a matter of description, strict proof is necessary.''   31 Cyc., 706.

It is not suggested that there was more than one contract of marriage between the parties to this case, so that the time or date of this contract is not material as a matter of description nor for any other reason. So, under the authorities above cited, we must hold that the variance between the time averred and the time proven is imamaterial.

To the same effect is *May* v. *Railroad,* 129 Tenn., 521, 167 S. W., 477, L. R. A., 1915A, 78, Ann. Cas., 1916A, 213.

In addition, this court has held that an omission to lay any time in a declaration is cured by the verdict

(*Nashville Life Ins. Co.* v. *Mathews*, 8 Lea [76 Tenn.], 499); and the general rule also is that a misstatement of time in a declaration is cured by the verdict. 31 Cyc., 776.

The  quotation made by plaintiff in error from 3 Enc. Pl. & Pr., 186, to the effect that the time and place of the promised marriage need not necessarily be averred, but, when pleaded, the proof must conform to the time and place alleged, relates to the time and place of the execution of the contract, and not to the time and place when the contract of marriage was entered into. Other authorities cited in the brief of plaintiff in error do not require comment.  Most of them are not in point, and, if any do conflict with the above views, we are not willing to follow them.

The next proposition advanced in behalf of plaintiff in error is quite similar. Seduction was alleged to have occurred on October 1, 1915, whereas the proof tended to show that it occurred in September, 1912, and it is urged that there is no evidence to prove the case laid in the declaration. We think the authorities just cited are conclusive of this contention.

The plaintiff in error then relies on the Statute of Limitations, which was pleaded by him.  The proof shows that the seduction occurred in September, 1912, and this suit was not brought until September 21, 1916, and it is insisted that the suit is accordingly barred by the twelve-month Statute of Limitations.

As heretofore stated, the first count of the declaration alleges a contract of marriage entered into October 1, 1915, and continuing up until January 1, 1916.  The second count of the declaration alleges a seduction on

the date mentioned, and that on divers other days and times between that date and the commencement of this suit the improper relation was renewed.

The proof of the plaintiff below tended to show a contract of marriage entered into the day after the first illicit act, and improper relations existing between her and the defendant below from this time up until with in twelve months of suit. During all the time this unlawful relation continued the parties were under a contract of marriage.

Such being the case, under the rule laid down in *Davis* v. *Young,* 90 Tenn., 303, 16 S. W., 473, the Statute of Limitations would not begin to run against such a plaintiff until the last illegal act had under the promise of marriage.

The declaration in this case is inartificial, but it was not challenged and, considered as a whole, it does aver a seduction and a continuous unlawful relation under a contemporaneous contract of marriage. It does not make any difference that the contract of marriage was not entered into prior to the first unlawful act. If it existed thereafter concurrently with the illicit intercourse, such contract of marriage was sufficient to prevent the defendant below from referring the statute of limitations to his first unlawful act.

*Davis* v. *Young,* supra, has been expressly approved in *Ferguson* v. *Moore,* 98 Tenn., 342, 39 S. W., 341, where the trial judge charged that "seduction was a continuous act, and, if by several and continuous acts, promises, and artifices the defendant kept up his illicit intercourse" until within the statutory limit of suit,

141 Tenn.—15

the action would not be barred. This was commended as in accord with *Davis* v. *Young,* supra, and that authority extended to suits brought by the female as well as by her father.

It is furthermore insisted that the plaintiff's testimony shows a case of rape, and not a case of seduction. It is true that some of her language may bear this construction, but when her entire testimony is considered, together with the circumstances she details, it refutes any idea of rape.

It is finally urged that it was reversible error for the trial judge to disregard the testimony offered in behalf of the defendant below on a motion for a new trial, and to refuse a new trial in view of the evidence offered on this hearing.

The principal affidavits were from two men, who made oath that they themselves had enjoyed the sexual favor of plaintiff below prior to the time of her charge of seduction against the defendant below. Some other affidavits were offered tending to reflect on the woman.

The learned trial judge ruled that such statements of men voluntarily made with reference to a woman's character were not entitled to credit, and such men were not entitled to be believed.

However this may be, there was evidence offered on the motion for a new trial tending to contradict many of the statements contained in the aforesaid affidavits, and the finding of the trial judge on these controverted facts is, of course, binding upon us.

Beyond all this, however, and as a conclusive answer to the contention of plaintiff in error in this respect, it appears that upon the trial of this cause his attorney

conceded and stated to the jury that defendant in error was a woman of good reputation up to the time of the institution of this suit.   The case was tried on that theory, and no proof was offered on the trial tending to besmirch her character.

Such being the state of the case, it was not permissible for the defendant below to undertake to shift his ground, attack the character of the woman, and assume a position entirely inconsistent with that taken upon the trial of the case, and in this way obtain a new trial.

The defendant below was free to rely on the bad character, if any he could show, of plaintiff below, and to prove that on the trial in bar of this suit. He was not willing, however, to take the chance of damages being aggravated by his failure to establish such contention, and he will not be allowed to experiment with the court and obtain a new trial and all the benefit of such matter without assuming the risk incident to its introduction at the hearing.

This is a proper case for the application of the doctrine of judicial estoppel which we have just discussed in *Stearns Coal & Lumber Co.* v. *Jamestown, Ry.,* 141 Tenn., 203, 208 S. W., 334:

"A new trial will not be granted . . . to enable a defendant to avail himself of a defense which was within the issues but not presented at the trial; or to make a defense inconsistent with the one presented, or contradictory to admissions made, or points tacitly conceded." 29 Cyc., 852.

This disposes of all the assignments of the plaintiff in error.

Referring to the petition of the defendant in error with reference to the action of the court of civil appeals in suggesting a remittitur, we do not find it necessary to go into any elaborate consideration thereof.

Our revisory jurisdiction of the judgments of the court of civil appeals does not permit that we should try a case anew. We are not to go over the entire record and decide it as a new controversy. It is our duty to ascertain if there are any errors in the action of the court of civil appeals and to correct such errors.

Upon consideration of all the circumstances of this case, we are not prepared to say that the court of civil appeals erred in suggesting a remittitur of part of this verdict.

We are inclined to the opinion that the result reached by the court of civil appeals is substantially just, and are not disposed to interfere therewith.

The judgment of the court of civil appeals is accordingly affirmed.