### 13197.   DAVIS *v.* THE STATE.

Where a female had sexual intercourse at various times and places with the same man, and she consented to each act of sexual intercourse because of persuasion and promises of marriage, she was seduced on the occasion of the first sexual intercourse, and could not be again seduced on any of the other occasions, and the venue of the offense was in the county where the first sexual intercourse occurred.

DECIDED MARCH 9, 1922.

Indictment for seduction; from Gwinnett superior court — Judge Fortson.   November 17, 1921.

*G. F. Kelley, I. L. Oakes,* for plaintiff in error.

*W. O. Dean, solicitor-general, O. A. Nix,* contra.

BROYLES, C. J.   The accused was convicted of seduction.   The indictment charged that the offense was committed in Gwinnett county, and the burden was therefore upon the State to affirmatively prove that fact.   *Gosha v. State,* 56 *Ga.* 36; *Futch v. State,* 90 *Ga.* 472 (2) (16 S. E. 102).   Upon the trial the woman charged to have been seduced testified positively that, while the defendant by persuasion and promises of marriage had induced her to have sexual intercourse with him on various occasions, both in Gwinnett county and in DeKalb county, her first sexual intercourse with the accused took place on Stone Mountain; and the undisputed evidence was that Stone Mountain was entirely in DeKalb county.

Seduction, under our law (Penal Code of 1910, § 378), can be committed only upon a "virtuous unmarried female."   Virtue is defined by both the Supreme Court and this court to be physical purity, and not merely purity of mind or heart.   *Woodard v. State,* 5 *Ga. App.* 447 (63 S. E. 573); *Washington v. State,* 124 *Ga.* 426 (52 S. E. 910).   It follows that a female who has, by her consent, sexual intercourse, out of wedlock, is no longer physically pure, and that if she thereafter consents to sexual intercourse, the man who engages in the subsequent sexual intercourse with her cannot be guilty of seduction.   While it is true that in Tennessee and Indiana

(Davis *v.* Young, 90 Tenn. 303, 16 S. E. 473; Ferguson *v.* Moore, 98 Tenn. 342, 39 S. W. 341; Haymond *v.* Saucer, 84 Ind. 4) it has been held that the crime of seduction can be a continuous act, we think it is otherwise under our statute. See, in this connection, *Davis* v. *Boyett,* 120 *Ga.* 655 (48 S. E. 187, 66 L. R. A. 258, 102 Am. St. Rep. 118, 1 Ann. Cas. 386), where the Supreme Court, in passing upon a damage suit based upon seduction, uses the following language: " We do not think we would feel disposed to follow the courts of Tennessee and Indiana in holding that the act of seduction may be continued after the female seduced has lost her virtue. We apprehend that it would be very difficult to apply such a principle to a criminal case in which the statute of limitations was pleaded to an indictment for seduction, so as to avoid the bar of the statute, upon the ground that the act of seduction had been continuously performed for a considerable length of time after the first act of sexual intercourse between the accused and his alleged victim." In 35 Cyc. 1331 the rule is stated as follows: " A woman debauched by force and against her will is chaste within the meaning of the statute; but by the weight of authority it is otherwise where she has once been seduced, although by defendant." In the case of People *v.* Nelson, 153 N. Y. 90 (2) (46 N. E. 1040, 60 Am. St. Rep. 592), it was held: " A woman can be seduced but once, under the statute defining seduction under promise of marriage; *and the first voluntary act of sexual intercourse on her part, after she is able to understand its nature and comprehend its enormity, is the only one in which she can participate as a victim."* (Italics ours.) In Hatton *v.* State, 92 Miss. 651 (46 So. 708), it was held that " Successive acts of sexual intercourse between a man and a woman do not constitute separate seductions." See also Norton *v.* State, 72 Miss. 136 (16 So. 267, 48 Am. St. Rep. 538), where it was held that " She who is, at the time of the alleged seduction, already unchaste, may be still further debauched, *but not seduced."* (Italics ours.) Rape may be perpetrated in multiples, but there can never be but one seduction, under section 378 of our Penal Code, by the same man of the same woman.

It might not be amiss to say, in passing, that in some States a woman may consent to sexual intercourse and thereafter so reform as to be, in contemplation of law, virtuous and susceptible of se-

duction. See Smith *v.* State, 118 Ala. 117 (24 So. 55) ; Luther *v.* State, 118 Ala. 88 (24 So. 43) ; Wilson *v.* State, 73 Ala. 527; Cooper *v.* State, 86 Ark. 30 (109 S. W. 1023) ; State *v.* Knutson, 91 Iowa, 549 (60 N. W. 129) ; People *v.* Mills, 94 Mich. 630 (54 N. W. 488) ; State *v.* Timmens, 4 Minn. 325; State *v.* Fogg, 206 Mo. 696 (105 S. W. 618) ; Commonwealth *v.* McCarty, 2 Clark, 351 (4 Pa. Law J. 136). This was also intimated in *Wood* v. *State,* 48 *Ga.* 290 (15 Am. R. 664), where the Supreme Court, speaking through Judge McCay, said: " The definition of the judge would exclude a woman who, years before, had been guilty of fornication, but who had repented and was now perfectly virtuous; perhaps the more so that she once had sinned and repented in sackcloth and ashes. And this definition of a seducible woman is, as I believe, contrary to the general sense of the word, as used both in England and America." However, the question of reformation does not enter into the instant case, since the proof fails altogether to show, on the part of the female charged to have been seduced, any reformation after her seduction and prior to her subsequent acts of sexual intercourse with the accused.

It follows from what has been said that it was impossible for the offense of seduction to be twice committed upon the woman by the defendant, since by once permitting him to have carnal knowledge of her she no longer possessed that virtue or chastity required by the statute as an essential ingredient of the offense of seduction. This being so, the positive and unequivocal testimony of the woman that her first sexual intercourse with the defendant occurred in DeKalb county fixed the venue of the offense in that county instead of in Gwinnett county — as alleged in the indictment; and therefore the verdict finding the defendant guilty was contrary to law and the evidence, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*