### 15121.  DAVIS *v.* THE STATE.

LUKE, J.  1. The venue of an indictment for seduction is determined by the situs of the first act of sexual intercourse between the accused and the female alleged to have been seduced, and is not affected by the fact that his first persuasion and promises of marriage, or the greater part of them, or the other false and fraudulent means, if there were any, by which he induced her finally to yield to his lustful embraces may have taken place in some other county. *Davis* v. *State,* 28 *Ga. App.* 372 (110 S. E. 922).

2. Where, as in this case, the female alleged to have been seduced testifies to the truth of every essential averment of the indictment, and is corroborated in many essential particulars by the testimony of other witnesses, and further testifies to a repetition by the accused of his promise of marriage at the time and place of their first sexual intercourse, although it appears from her testimony that the greater part of his persuasion, promises, and preparation for marriage had previously taken place in another county, the mere fact that the prisoner in his statement denies such evidence in toto does not render erroneous the following charge: "It matters not whether the persuasion and promise of marriage were used at the precise time the carnal knowledge was had. In this respect it matters not when they were used if they induced her to yield to his lustful embraces and allow him to have the carnal knowledge. The carnal knowledge must have been the result of the use of persuasion and promise of marriage." *Odum* v. *State,* 21 *Ga. App.* 310 (4) (94 S. E. 257).

(*a*) The case of *O'Neill* v. *State,* 85 *Ga.* 383 (11 S. E. 856), is not here in point. In that case there was no evidence of a promise of marriage or of any other kind of persuasion at the time of the sexual act, nor even any evidence to show whether such intercourse was first proposed by the accused or by the female alleged to have been seduced. The verdict in that case was set aside for want of any evidence to support it, and not for any error in the charge of the court.

(*b*) The charge complained of in the instant case is not subject to any of the criticisms urged against it.

3. Where the accused on trial for seduction undertakes to disprove the alleged chastity of the female by proof of her general reputation, it is proper for the court to restrict the proof to that reputation as it existed at and prior to the time of her alleged seduction by the accused. The fact, if it is a fact, that she subsequently became grossly unchaste could have no favorable retroactive effect upon the conduct of the accused toward her during the time of her virginity. *Keller* v. *State*, 102 *Ga.* 506 (7) (31 S. E. 92). Nor can the accused inject such irrelevant testimony into the record on the theory of exercising his right to a thorough and sifting cross-examination of the State's witnesses. *Hart* v. *State*, 14 *Ga. App.* 364 (7) (80 S. E. 909).

4. The other grounds of the motion for a new trial are without substantial merit. The verdict complained of is the second verdict for the same offense, though based on a different indictment. See *Davis* v. *State*, supra. The conflicting evidence presented questions for determination by the jury only, and their finding, having the approval of the trial judge, will not be disturbed by this court.

        *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

        DECIDED JANUARY 15, 1924.

Conviction of seduction; from DeKalb superior court—Judge Hutcheson. October 6, 1923.

*P. K. Burns, I. L. Oakes, Kelley & Kelley,* for plaintiff in error. *Claude C. Smith, solicitor-general, O. A. Nix,* contra.