## FIDELITY TRUST CO., Receiver, v. H. H. GALBRAITH.

Eastern Section. January 7, 1928.

Petition for Certiorari denied by Supreme Court, March 17, 1928.

Smith & Carlock, of Knoxville, for appellant.
Anderson & Word, of Knoxville, for appellee.

PORTRUM, J. In the statement of the case, it is said: "The Fidelity Trust Company was appointed receiver for the Knoxville Trust Company, a Tennessee corporation, organized and managed by one J. Albert Robbins. It is rumored Robbins left Knoxville some time ago under cover of night, leaving many unpaid obligations.

214

"That such receiver, the said Fidelity Trust Company, on the 6th day of October, 1926, filed its original bill in the chancery court of Knox county, making H. H. Galbraith defendant, and seeking to recover from him upon five notes and a balance of $3.88 upon a sixth note, all of which notes are fully set out and described in the pleadings, and to the specific details of which it is not necessary to call attention, except that all of said notes were payable to J. Albert Robbins individually except two.

"Complainant also sought by this bill to subject to the payment of said alleged indebtedness, 31¼ shares of stock in a corporation known as West Lonsdale, which stock had been deposited with J. Albert Robbins as an individual as collateral security for a note dated October 1, 1923, for $4115.48, payable to the order of the Knoxville Trust Company and signed by the defendant, H. H. Galbraith, upon which suit has heretofore been brought by the complainant and which was decided in favor of H. H. Galbraith."

The defendant, H. H. Galbraith, set up as defenses to the bill:

(a) That there was no consideration passing for the execution of these papers, and that the Knoxville Trust Company was not an innocent holder for value, its president, J. Albert Robbins, having full notice of the defense.

(b) That J. Albert Robbins was indebted in excess of $10,000 to H. H. Galbraith at the time of the acquired ownership by the Knoxville Trust Company of the notes sued on.

(c) That said notes were not considered valid obligations and were kept in an old file case which contained paid off notes of J. Albert Robbins, each of the notes being marked paid on October 4, 1923.

(d) That the complainant in this suit filed a bill in the chancery court of Knox county upon the aforementioned note of $4115.-48, wherein the defendant H. H. Galbraith pleaded and proved failure of consideration for said note, and since the said notes sued on in this case were included and consolidated in the large note in the other case, the matters in controversy have been adjudicated in favor of the defendant in this case and he pleads res adjudicata.

(e) It is further set up as a defense that the complainant elected in its first suit to treat the alleged indebtedness against the defendant as merged in said note of $4115.48 and sued thereon in said former suit and subject the collateral security to the payment of the indebtedness and treat these notes as merged in that note, and that said position as then taken was entirely inconsistent with the position that it is now seeking to take in this suit, and by the election and insistence of merger in the former suit it cannot be heard to say in this suit there was no merger.

Before discussing these questions, we will state the facts as we understand them arising from this transaction. The receiver brought

suit on the $4115.48 note, saying that these notes were merged in the larger note and, therefore, were the consideration of the larger note. The defendant then said that this was not true. The $4115.48 note was executed and delivered not as a merged note but in anticipation of the advancement of funds covering it; that no advancements were ever made, and there was no merger and, therefore, there was no consideration. The Chancellor in that case held that Galbraith truthfully detailed the facts and the execution of the larger note was not intended to cover the notes sued on here but that it was understood other funds would be advanced for this note. There was no advancement and there was no consideration. The defense of merger as the consideration of the notes here sued on was overruled as being untrue. Then, since there was a mistake on the part of the receiver and the notes which had been marked paid were inadvertently marked paid, since they were not merged in the large note, the receiver brought this suit to recover upon these notes, aggregating about $3000. The defendant now testifies, contrary to his former testimony, that there was a merger and; therefore, if there was no consideration for the merged note there can be no consideration for these notes which were merged. The Chancellor found that an inconsistency of position was taken by the defendant, since he testified in one case to one state of facts and in another case to another; and we can see nothing surprising in this conclusion. It might as well be said here that the defense of res adjudicata does not apply. The issues were not the same. The two decrees do not answer the same question. The first says the lessor notes were not merged with the larger note and there was no consideration for the larger note. The second says the smaller notes were not merged with the larger note and there was a valid consideration for the smaller notes. It is not worth while to discuss the doctrine of res adjudicata because it is clear that a court will not permit a defendant to blow hot and cold in two suits, defeating a just claim thereby. Had the court in the first case held there was a merger, then the holding that there was no consideration would have amounted to an adjudication that there was no consideration for the smaller notes which were merged in the larger one; but the court expressly held there was no merger and then to say there was no consideration for one note does not mean there was no consideration for another note.

(a) Whether or not the Knoxville Trust Company was a holder in due course makes no difference for Galbraith has no valid defense to make against the notes.

(b) It is not necessary to this suit to say that J. Albert Robbins was indebted to the defendant $10,000, in the absence of proof showing it and a cross-bill or a plea setting it up. This would require affirmative pleading. The testimony of Galbraith is a con-

clusion when he says Robbins was indebted to him in this amount.

(c) The notes were considered a valid obligation in the hands of the Knoxville Trust Company, and the notation of cancellation was placed inadvertently, that is, it was thought these notes were merged in the large $4115.48 note, as Galbraith testifies was the case in this suit, to the extent of more than $3000.

(d) The defense of res adjudicata has been answered.

(e) The rule in reference to election of remedies is not applicable in this case. The fact that one sues on a mistaken state of facts, in good faith, will not preclude one from suing on the true state of facts. The doctrine of election of remedies and judicial estoppel was raised by the courts to prevent injustice. The court will not favor the defendant in taking inconsistent positions in the evidence and defeat the right of the complainant for the reason of a supposed inconsistency growing out of the bills in the two cases. This course would not prevent injustice. Stamper v. Venable, 117 Tenn., 557; Haggie v. Hayes, 141 Tenn., 219; Stearns Coal & Lumber Co. v. R. R. Co., 141 Tenn., 203.

It should have been stated under (a) that there was a valid consideration for the notes sued on in this case. We have examined the evidence of Mr. Galbraith and he states in reply to every question when asked what the consideration of each of the particular notes was, "I do not know." He may not know and still there may be a valid consideration, he may have forgotten. His testimony is not sufficient to establish or show that there was no consideration. Mr. Galbraith's testimony was unsatisfactory in many respects. We are of the opinion that he is justly indebted to the amount of the notes in question; in fact, he admits it, for he said he was due about $3000 on the large $4115.48 note. He said the difference was to be settled with Mr. Robbins and that this was never done.

There is no error in the judgment of the lower court and it is affirmed. The collateral attached to the appeal bond is ordered sold by the clerk, if the judgment is not paid into court within thirty days. The sale will be made upon ten days' notice, upon three newspaper publications, in front of the court house in Knoxville for cash in hand, and the proceeds of sale credited upon the judgment entered, and an execution may issue for the balance. The clerk will retain the costs of the cause out of the proceeds of the sale.

Snodgrass and Thompson, JJ., concur.