20568. DANIEL *v.* THE STATE.

BROYLES, C. J. 1. "To accomplish sexual intercourse with a virtuous woman pending a virtuous engagement to marry her may be seduction though consent be obtained without other persuasion than that which is implied (considering the past courtship and present relation of the parties) in proposing the intercourse and repeating the promise of marriage." *Wilson* v. *State*, 58 *Ga.* 328; *Durrence* v. *State* 20 *Ga. App.* 192, 193 (92 S. E. 962), and cit.; *Plumer* v. *State*, 22 *Ga. App.* 269, 271 (95 S. E. 873). Under this ruling and the facts of the instant case, the defendant's conviction of the offense of seduction was not contrary to law or the evidence.

2. "It is not competent in such a trial [for seduction] for the accused to prove acts of sexual intercourse between the woman [charged to have been seduced] and any person or persons other than himself, occurring after the time when the alleged seduction took place." *Keller* v. *State*, 102 *Ga.* 506 (7) (31 S. E. 92); *Davis* v. *State*, 31 *Ga. App.* 522 (3) (121 S. E. 136). Under this ruling and the facts of the instant case, the charge of the court complained of was not error.

3. The verdict was authorized by the evidence, and the finding of the jury having been approved by the trial judge, and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. Bloodworth, J., concurs.*

Luke, J., dissenting. Under the evidence in this case, I am extremely doubtful of the legal guilt of the defendant. The evidence would have warranted the defendant's conviction of another offense, but not, in my opinion, the offense of seduction.

Decided June 10, 1930. Rehearing denied July 15, 1930.

*Orrin Roberts, E. W. Roberts,* for plaintiff in error.
*Henry H. West, solicitor-general,* contra.