35219. BARRINGTON *v.* THE STATE.

DECIDED JULY 7, 1954.

*Joseph S. Ray, J. Walter Owens, J. Gordon Young,* for plaintiff in error.

*John G. Cozart, Russell C. Davison, Jr., Solicitor-General,* contra.

TOWNSEND, J. Code § 26-6001 provides as follows: "Any person who shall, by persuasion and promises of marriage or other false and fraudulent means, seduce a virtuous unmarried female and induce her to yield to his lustful embraces and allow him to have carnal knowledge of her, shall be punished by imprisonment and labor in the penitentiary for not less than 2 nor more than 20 years." It is contended by the defendant that the evidence is not sufficient to support the verdict, for the reason that

the provisions of this Code section are not met in that there was no proof that the defendant "by persuasion and promises of marriage or other false and fraudulent means" induced the prosecutrix to yield, and there was not sufficient evidence to convince the mind beyond a reasonable doubt. The only evidence for the State was offered by the prosecutrix, and this was contradicted in material aspects by the defendant's statement and the testimony of two witnesses. However the effect of contradictory testimony is for the jury, and in a seduction case the prosecutrix is not an accomplice so as to require corroboration of her testimony in order to convict. *Keller* v. *State,* 102 *Ga.* 506 (4) (31 S. E. 92); *Washington* v. *State,* 124 *Ga.* 423 (1) (52 S. E. 910). The prosecutrix here testified that she was first having dates with the defendant in March, 1952; that she became 18 years of age on May 17, 1952; that on her birthday he gave her an engagement ring, and promised to marry her, and they became engaged; that she believed the promises were in good faith; that they did not announce the engagement; that thereafter on May 28 they attended a class picnic. Her testimony in regard to the act was as follows: "He told me if I loved him as much as he loved me, I would yield to him. . . He told me that if anything happened that he would take care of me. . . I yielded to him at the time because I loved him and I believed him. I would not have yielded to him except for his former promises to marry me. . . I yielded to him at the time because I loved him and I believed in him. I would not have yielded to him except for his former promises to marry me. . . I told him I was afraid and he said he would take care of me and I thought he meant we would go ahead and get married."

It is contended that this testimony does not reveal one essential element of the crime—that is, that the act itself was induced "by persuasion and promises of marriage," because it does not appear that on May 17, 1953, anything was said about marriage between the plaintiff and the defendant. Under previous holdings of this court, however, the evidence is sufficient to convict where it shows that promises of marriage have been made, although on another occasion, and that the victim relies upon such promises, and is, by the defendant, persuaded falsely and fraudu-

lently at the time of the act. In *Davis* v. *State,* 31 *Ga. App.* 522 (121 S. E. 136) the following testimony was held sufficient, where previous engagement had been proved: "As to what he told me and how I came to yield to him—well, we 'were engaged to be married, and I loved him, and he made me think he loved me. He talked about our home that he was going to build on his father's place. . . As to what he said at the time . . . he said that we were going to be married and it didn't make any difference what we done."

In *Durrence* v. *State,* 20 *Ga. App.* 192 (92 S. E. 962), where a previous engagement was also shown, the following testimony, which is all we find in the record bearing on the immediate question, was held sufficient to sustain the conviction: "He asked me to let him do it, and after a while I agreed to it. . . He begged me to, said nobody else would ever know it. I agreed to it because I loved him and thought he loved me, and because he said if he got me a baby that he would marry me, is why I let him do it." The testimony in these three cases is very similar, and the testimony in this case, that "he told me that if anything happened he would take care of me", from which the prosecutrix inferred that if she became pregnant he would marry her at once, is very close to the testimony in the *Durrence* case. The evidence was sufficient to support the verdict. See also *Collins* v. *State,* 54 *Ga. App.* 246 (187 S. E. 621); *Woodard* v. *State,* 5 *Ga. App.* 447 (63 S. E. 573). There is nothing to the contrary in *O'Neill* v. *State,* 85 *Ga.* 383 (5) (11 S. E. 856), where it is stated that a promise of marriage alone, with no aid from persuasion or other false and fraudulent means, will not constitute the offense of seduction. A careful reading of these cases, together with other similar cases, results in the conclusion that the prosecutrix here acted upon the faith of the promise and was justified in so doing, even though it was not repeated at the very moment of the act, and that she was not engaged in a merely meretricious relationship in reliance upon a promise of marriage only in the event she became pregnant. The evidence authorizes a finding that there was an engagement, that a ring had been given, and that the couple continued to associate with each other as an engaged couple up to the time of this transaction and after, and that she yielded to the defendant as a result of

that engagement and promise of marriage and as a result of his persuasion.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*