# SUPREME COURT OF THE STATE OF GEORGIA,

## AT MILLEDGEVILLE,

## NOVEMBER TERM, 1864.

Present—JOSEPH H. LUMPKIN, Chief Justice.
RICHARD F. LYON, ⎱ Judges.
CHARLES J. JENKINS, ⎰

| 34 | 1 |
|----|----|
| 102 | 513 |

———————⟡•••⟡———————

JAMES MANN, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

A new trial may be granted in all cases where any material evidence, not merely cumulative in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him, and shall be brought to the notice of the Court within the time now allowed by law for entering a motion for a new trial, and it is not necessary that the party shall disclose the residence of the witness by whom he expects to prove the new fact or facts, or that he expects to procure his testimony at a future Court.

Indictment for Seduction. In Fulton Superior Court. Motion for new trial. Decided by Judge BIGHAM. April Term, 1864.

By consent of Counsel, this case, which was returned to the last Term at Atlanta, was transferred for argument and decision to the present Term at Milledgeville.

Mann, the plaintiff in error, was tried in Fulton Superior Court, at the April Term, 1864, for the offence of seduction.

The time of the commission of the offence, as laid in the Indictment, was the 10th day of September, 1863 ; and as proven by the testimony of the prosecutrix, it was in August, 1863. The prosecutrix was the female seduced, and with her statement, fixing the date of the offence, there was no conflicting evidence.

The prisoner offered a witness to prove that, in *October*, 1863, the prosecutrix had sexual intercourse with other men. This evidence the Court ruled out ; which ruling, the prisoner, after the return of a verdict of guilty, made one of the grounds of a motion for a new trial. The other grounds of the motion were, that the verdict was contrary to law and to evidence ; and that new and material evidence had been discovered since the rendition of the verdict.

In support of the last ground, the prisoner presented his own affidavit, and the affidavits of John Fields and James C. Henderson. That of Henderson, however, was not relied upon in the Supreme Court, and its contents need not be stated.

Fields swore that he had been engaged for some time past in working at the Laboratory, " in said city ; " that in May, 1863, he got acquainted with the prosecutrix, who was also working there ; that between her and Daniel Roark, another one of the operatives, there seemed to be quite an intimacy, he going to see her frequently ; that one night in June, 1863, deponent saw them come out of her mother's house, walk off together some fifty yards, lie down on the ground and remain a short time, then get up and return together to the gate, where they separated ; also, that being requested by Roark to say nothing about it, he did not speak of it ; and that he never communicated the fact to the prisoner until after his trial. He deposed further, that from all he had seen and heard of the prosecutrix, he was well satisfied she was a woman of easy virtue. This affidavit was made in Fulton county, and the jurat bore date April 14th, 1864.

The affidavit of the prisoner, himself, stated that immediately after his arrest and examination he was committed to prison, and had been confined ever since, and, therefore, had had no opportunity to search for witnesses, and prepare for trial; that, besides, he had found that in cases of this sort, persons were generally reluctant to communicate what they knew, disliking to testify in them; and that it was not until after his trial, that he had any information or knowledge that he could prove by Fields and Henderson the facts stated in their affidavits.

A new trial was refused; and the Court sentenced the prisoner to confinement and labor in the Penitentiary for twenty years, the longest period allowed by law.

Upon the refusal of the Court to grant a new trial, and upon the sentence itself, this writ of error was predicated; the prisoner alleging that the sentence was excessive and disproportionate to the crime, under the circumstances of the case.

Judge Bigham, in certifying the Bill of Exceptions, appended to his certificate a note in these words:

"The Court deems it proper to note, that during the argument of the motion for a new trial, the Solicitor General made a point as to the failure to state the residence of Fields, and requested to know his residence; contending that unless it was disclosed the Court could not well judge of prisoner's diligence, nor could it know whether he could or could not be reached by the process of the Court: and the same as to Roark."

The argument before the Supreme Court was confined almost exclusively to the ground of newly discovered evidence; and upon that ground it was much narrowed by the concession of the Solicitor General, that the principal fact sworn to by Fields was material, and not cumulative. The point urged by the Solicitor was that the residence of Fields was not disclosed, nor did it otherwise appear that he was within reach of the process of the Court, or that the plaintiff

in error expected, or had reason to expect, the benefit of his testimony at a future trial.

EZZARD and COLLIER, represented by BLECKLEY, for plaintiff in error.

HAMMOND, Solicitor General, for the State.

LUMPKIN, C. J.

In truth, there scarcely is any point to be decided by the Court in this case. The only ground of alleged error relied on by the Counsel for the plaintiff, and on which he contends that the judgment of the Court below ought to be reversed, is that of newly discovered evidence; and from the admission of the Solicitor General, which is in accordance with the facts, as certified to by the Judge, his objection was not taken at the proper time, but only stated when he was making his argument.

But waiving this irregularity, and considering the point as taken at the proper time, what is it? Why, that the residence of John Fields—admitted to be a material witness, and that his testimony was not cumulative—was not disclosed, nor did it otherwise appear that he was within reach of the process of the Court, or that the plaintiff in error expected, or had reason to expect, the benefit of his testimony at a future trial.

Whatever rules the Court may have prescribed heretofore, or the wisdom of those rules, we submit, has not the Code legislated upon the subject? Section 3640 declares "that a new trial may be granted in all cases when any material evidence—not merely cumulative in its character, but relating to new and material facts—shall be discovered by the applicant, after the rendition of a verdict against him, and shall be brought to the notice of the Court within the time now allowed by law for entering a motion for a new trial."

Now, we repeat, that it is admitted that the evidence of

Mann vs. The State.

Fields is material, being not merely cumulative in its character, but relating to new and material facts ; and the proof shows that it was discovered by Mann after the rendition of the verdict against him, and that it was brought to the notice of the Court within the time now allowed by law for entering the motion for a new trial.

The motion, then, for a new trial being overruled by the Court, can this Court do otherwise than reverse the judgment? We think not.

As to whether the prosecutrix was virtuous or not, in August, 1863, and was induced by persuasion and promises of marriage, or other false and fraudulent means, to yield to the lustful embraces of the defendant, and to allow him to have carnal knowledge of her, are questions of fact, to be ascertained and decided by the Jury. But we hold that the testimony that she had sexual intercourse with other men in October, 1863, is incompetent to disprove the foregoing allegations, and was properly, therefore, rejected by the Court. We decline, for the present, assigning our reason for this opinion ; and as to the punishment imposed by the Court being excessive and disproportionate to the crime under the circumstances of the case, all we have to say is that the law for this offence punishes the transgressor by imprisonment and labor in the Penitentiary for a term not less than two, nor longer than twenty years. The Judge has not exceeded his limits, and we are not willing to control his discretion.

The law is severe, but it permits the alternative provided by the Mosaic Code for its violation. " If a man entice a maid that is not betrothed, and lie with her, he shall surely endow her to be his wife."—Ex. 22 : 16. Our Code provides that " the prosecution for seduction may be stopped at any time by the marriage of the parties, or a *bona fide* and continuing offer to marry on the part of the seducer."—Code : sec. 4270.

The judgment of the Court below is reversed on the ground indicated, to-wit : the newly discovered evidence.