CAISON *v.* THE STATE.

No. 7819.   JULY 30, 1930.

6

*C. L. Cowart,* for plaintiff in error.

*J. T. Grice, solicitor-general* and *M. Price,* contra.

HINES, J.  ■  It is conceded by counsel for the defendant that the evidence was sufficient to authorize his conviction, and that the court did not err in overruling the general grounds of the motion for new trial.  From an examination of the evidence in the case we are of the opinion that this statement of his counsel is correct.

■  The trial judge gave this instruction to the jury: "Now if you find the defendant guilty as charged in this indictment, beyond a reasonable doubt, the form of your verdict would be, 'We, the jury, find the defendant guilty.'  Now that would mean the extreme penalty of the law, which is death, would be visited upon the defendant, unless the jury should go further and recommend the defendant to the mercy of the court.  In that case the punishment which the defendant would receive would be imprisonment in the penitentiary for life."  To this instruction the defendant, in the

first special ground of his motion for new trial, excepts upon the grounds that it failed, either expressly or by implication, to instruct the jury that they had a right to recommend that he be punished by imprisonment in the penitentiary for life, and that the judge should have definitely and clearly instructed the jury that they had this right. Immediately following the above instruction the court gave this charge to the jury: "If you do not believe the defendant guilty beyond a reasonable doubt, then the form of your verdict would be, 'We, the jury, find the defendant not guilty.'" In the second special ground of his motion the defendant insists that the court, in instructing the jury upon the form of verdict which they could render in the case, in effect instructed the jury that only two forms of verdict could be rendered, either a verdict of guilty, or a verdict of not guilty. In the third ground the defendant insists that the court erred in failing to charge the jury, either literally or in substance and effect (although no written request so to charge was submitted), that, should they return a verdict of guilty in this case, it was a matter entirely within their discretion whether or not they would recommend life imprisonment, that they could do so with or without any reason, that they might decline to do so with or without any reason, that their discretion was free and untrameled, and that the question of recommendation to life imprisonment had nothing to do with the issue as to the guilt or innocence of the accused.

(a) The instruction set out in the first ground was a concrete application of the law as contained in the second paragraph of section 63 of the Penal Code; and if the defendant desired further instruction on this subject, there should have been an appropriate request. *Morrow* v. *State,* 168 *Ga.* 575 (3) (148 S. E. 500). The writer is of the opinion that it would have been better for the court to have expressly instructed the jury that they had the right, for any or no reason, to recommend that the defendant be imprisoned in the penitentiary for life.

(b) When the entire charge on the form of the verdict is considered, this instruction did not restrict the jury to rendering a verdict of guilty or not guilty.

■ The court charged the jury as follows: "Generally, . . with regard to the question of sanity or insanity at the time of an act alleged to be criminal, the true test of sanity or insanity is as

follows: The insanity which renders the perpetrator of a particular act, which would ordinarily be criminal, incapable of committing a crime by its perpetrator is such as to deprive him of the capacity to distinguish between right and wrong relative to such act." Subsequently, and not in immediate connection with the foregoing instruction, the judge gave this charge: "The law does not attempt to measure the degree of insanity which renders a man or a woman legally irresponsible for his or her acts. This is a question of fact for the jury." To this latter instruction the defendant excepts on the ground that it is an incorrect statement of the law, in that the law does fix the degree of sanity or insanity which renders a man legally irresponsible for his acts, and that the instruction was inconsistent with the charge set out above, and tended to confuse and mislead the jury, the same not having been withdrawn or attention of the jury called thereto.

(a) This instruction was erroneous for the reason that the law does fix the degree of insanity which renders a man legally irresponsible for his acts; and in the instruction first quoted the trial judge correctly gave to the jury the rule of law upon this subject.

(b) Where the court gives a correct instruction upon an issue involved in a criminal case and afterwards gives an incorrect and antagonistic instruction upon the same issue, without withdrawing the former instruction and calling the attention of the jury thereto, this is error. The charge here contained two distinct propositions, directly conflicting, and was calculated to leave the jury in such a confused condition of mind that they could not render an intelligent verdict. *Morris* v. *Warlick,* 118 *Ga.* 421 (2) (45 S. E. 407); *Gill* v. *Willingham,* 156 *Ga.* 728 (4) (120 S. E. 108).

■ The trial judge, after instructing the jury that if the defendant was not mentally capable of distinguishing between right and wrong he should be acquitted, or if the jury had a reasonable doubt as to this he should be given the benefit of that doubt and acquitted, immediately added: "If on the contrary . . you should believe the defendant committed the act charged against him in this bill of indictment, and in the manner therein alleged, and that at the time of its commission he was not mentally incapable of distinguishing between right and wrong with reference to such act, but at the

time of the commission of said act he was mentally capable of distinguishing between right and wrong with reference to such act, and was not irresistibly impelled to its commission by reason of any mental disease, he would not be excusable for the same on the ground of mental disease or insanity." The defendant excepts to that portion of the above instruction contained in the words, "and was not irresistibly impelled to its commission by reason of any mental disease," upon the ground that the court injected into the case an issue which had not been made by him, which was misleading and confusing to the jury, and which put upon him a greater burden than that imposed by law, and was prejudicial to him, as he had contended only that his mind was a blank at the time of the commission of the homicide, and that he was insane at that time, and had not contended that he had been irresistibly impelled to the commission of the particular act by any mental disease. Under the defense of insanity set up by the defendant, the above instruction which is pertinent in cases of delusional insanity, was not applicable, and put upon the defendant, in sustaining his defense of insanity, a greater burden than that imposed by law, and for this reason the court erred in giving such instruction. Under the defense of delusional insanity such instruction would be applicable; but it should not be given as part of an instruction upon insanity generally. Such commingling of an instruction upon delusional insanity with a correct charge upon insanity generally tended to confuse and mislead the jury, and left them to apply the rule applicable to delusional insanity to insanity generally.

■ In the sixth ground the defendant alleges that the court erred in failing to charge the jury upon the degree of proof necessary to sustain the defense of insanity. No request for such instruction was preferred. The court charged the jury that before they would be authorized to convict the defendant they must be satisfied of his guilt beyond a reasonable doubt. The defendant insists that the court should have given in charge the provisions of sections 5731 and 5732 of the Civil Code, the first of which defines the meaning of preponderance of evidence and the second lays down the rule by which the jury determines where the preponderance of evidence lies. In the absence of a timely request, the court did not err in failing to give in charge to the jury the degree of proof sufficient to establish the defense of insanity, or the principles em-

braced in the above sections of the Civil Code. *Whitworth* v. *State,* 155 *Ga.* 395 (4), 403 (117 S. E. 450).

■ In the seventh ground the defendant alleges that the court erred in failing to charge the jury that the evidence bearing on insanity should be considered in connection with all the other evidence in determining whether there was reasonable doubt of the guilt of the accused. There was no request to charge. Such failure is not ground for the grant of a new trial, in the absence of a pertinent written request. *Whitworth* v. *State,* supra.

■ In the eighth ground the defendant alleges that the court erred in failing to specifically charge the jury the probative or evidentiary value of the evidence offered by him to make out his defense of insanity. The probative or evidentiary value of the evidence offered by the defendant on the subject of insanity was for the jury exclusively, and it would have been error for the court to pass upon its probative or evidentiary value.

■ The court charged the jury as follows: "If you find beyond a reasonable doubt that this defendant, . . at any time prior to the date of the finding and return of this bill of indictment into the court by the grand jury, did kill and murder the person named in the indictment, in the manner therein charged, intentionally, by the use of a weapon likely to produce death, and you should further believe that at the time of the killing the defendant was not in any danger whatever from the person killed, that the deceased was not attempting to commit any injury upon the defendant at all, that the circumstances surrounding the homicide were not such as to excite the fears of a reasonable person that any injury at all was intended or about to be inflicted upon the person of the defendant, but that the killing was without justification or mitigation, and as charged in the indictment, and that the defendant was at the time a person of sound memory and discretion, then in that event, . . you would be authorized to find the defendant guilty of murder, and it would be your duty to so find." In the ninth ground of his motion for new trial the defendant alleges that he does not contend that the above charge does not state a correct principle of law, but he excepts upon the ground that it was inapplicable to the case being tried, and that there was nothing in the evidence to warrant or justify it. He specially excepts to the following portion of said charge: "and you should further believe

that at the time of the killing the defendant was not in any danger whatever from the person killed, that the deceased was not attempting to commit any injury upon the defendant at all, that the circumstances surrounding the homicide were not such as to excite the fears of a reasonable person that any injury at all was intended or about to be inflicted upon the person of the defendant, but that the killing was without justification or mitigation, and as charged in the indictment," upon the grounds that it injected into the trial an issue that had not been made by him, that there was no evidence to warrant or justify the same, and that the injection of such issue misled and confused the jury to his prejudice. There was no error in giving the above instruction to the jury for any of the reasons assigned.

■ In the tenth ground the defendant complains that the court erred in permitting counsel for the State, over objection of defendant that it was leading, to propound to the sheriff, a witness for the State, this question: "I want to ask . . whether or not the defendant at the time you arrested him . . or at some time shortly thereafter, made a statement about a second thought," and in permitting the witness to give this answer: "Yes, he said at the time—I just forgot that—he said that he had killed Herbert Phillips; and I asked him what for; and he said, 'Because I thought he had my ten dollars,' and he said, 'If I could have taken the second thought, I wouldn't have killed him.'" The court may exercise a discretion in granting the right to the party calling a witness to propound to such witness a leading question, when from the conduct of the witness, or other reason, justice requires it. Penal Code, § 1045. We do not think that the trial judge abused his discretion in allowing the above question to be propounded.

*Judgment reversed. All the Justices concur.*

Russell, C. J., and Gilbert, J., concur in the result.