22704. SUBIA *v.* THE STATE.

BROYLES, C. J. 1. The special plea of the accused praying that the indictment be dismissed and the prosecution thereunder be abated, upon the ground that the indictment resulted from information obtained by his unlawful arrest and detention in prison and by the illegal search of his person and home, was without merit. "Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures." *Calhoun* v. *State,* 144 *Ga.* 679(2) (87 S. E. 893). None of the other grounds of the plea in the instant case showed cause for quashing the indictment, and the plea was properly stricken.

2. The assignment of error upon the judgment striking the other special plea of the defendant, asking for a dismissal of the indictment, is expressly abandoned in the brief of counsel for the plaintiff in error.

3. The court did not err in denying the written request of the accused that each prospective juror be asked the question whether he was related by blood or marriage to any of the grand jurors (naming them) who had returned the indictment against him. There is no precedent for such a request.

4. The admission of the testimony complained of in special grounds 1 and 2 of the motion for a new trial was not reversible error for any reason assigned. It was in rebuttal of certain statements made by the accused

0

in his statement to the jury, and, moreover, substantially the same testimony was given, without objection, by another witness. See, in this connection, *Turner* v. *State*, 43 *Ga. App.* 799 (16) (160 S. E. 509); *Smith* v. *State*, 24 *Ga. App.* 654 (101 S. E. 764).

5. Special ground 3 of the motion is obviously without merit, since the testimony therein complained of was excluded by the court.

6. Special grounds 4, 8, 9, and 16 of the motion, complaining of the admission of certain documentary evidence and of certain testimony relating thereto, show no cause for a reversal of the judgment.

7. It is complained in special grounds 5 and 6 of the motion that the court erred in allowing the solicitor-general to propound leading questions to certain witnesses for the State. Under numerous decisions of the Supreme Court and of this court such a procedure is within the discretion of the court. These grounds do not disclose any other reason for a reversal of the judgment.

8. The admission of the documentary evidence set forth in special ground 7 of the motion, for the purpose stated by the court, was not error for any reason assigned.

9. The instructions of the court complained of in special ground 10 of the motion were not error for any reason assigned therein.

10. Every special ground of a motion for a new trial must be complete and understandable within itself. Special ground 11 of the motion in the instant case is not understandable without a reference to special ground 7, and, therefore, is not complete within itself and raises no question for consideration by this court.

11. The instructions set forth in special ground 12 of the motion did not contain an expression by the court as to what had been proved in the case.

12. Special ground 13 of the motion complains of the refusal of the court to declare a mistrial. The motion was based upon alleged improper and inflammatory statements of the solicitor-general in his closing argument to the jury. The court rebuked the solicitor-general and instructed the jury, in effect, to disregard the improper statements of the solicitor-general, and that official withdrew the objectionable statements. Under all the facts of the case this court can not hold that the judge abused his discretion in denying the motion.

13. The excerpt from the charge of the court upon the subject of "intent" was not error for any reason assigned.

14. The court did not err in instructing the jury upon the law of assault and battery.

15. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

Decided January 25, 1933. Rehearing denied February 17, 1933.

F. Joe Turner Jr., for plaintiff in error.

John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens, contra.