30387. FERRELL *v.* THE STATE.

DECIDED FEBRUARY 19, 1944.

*R. B. Giles,* for plaintiff in error. *Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant was convicted of bastardy. His petition for certiorari was sanctioned. On the hearing the writ was overruled, and he excepted.

■ The prosecutrix testified positively that the accused was the father of her child. One witness testified that the accused admitted having had sexual intercourse with the mother of the child. This was admissible as a circumstance to be considered by the jury along with all the other evidence. *Posey* v. *State,* 46 *Ga. App.* 290. There is abundant evidence to the effect that they were afforded opportunity, as mentioned in the *Posey* case. In fact, they had been observed going together as sweethearts since the mother began receiving company. In addition, the record contains copies of numerous letters written by the defendant to the mother, expressing and repeating his devotion and affection. So far as the general grounds are concerned, there was abundant evidence to support the verdict.

■ As to the first special ground, in a bastardy case the State has the burden of proving two essential things: First, that the accused is the father of the child; and second, that he refused to give the bond required of him by the committing magistrate under the statute. During the trial it developed that the original warrant, with entries thereon showing the finding of the magistrate, the order requiring the bond to support, assessment of bond for

refusal to give the statutory bond, and the committal order, had been misplaced. The committing magistrate was called as a witness for the State to account for the missing warrant. Able counsel for the defendant at this point interposed an objection to the effect that the testimony of the committing magistrate was hearsay, since the original warrant had not been produced or accounted for according to law. Thereupon the judge stated that he would admit the testimony tentatively, but would later sustain the objection unless the original warrant was produced, or a proper showing made for the introduction of proper secondary evidence. The magistrate was permitted to testify, under those conditions, that he conducted the hearing, concluded that the defendant was the father of the child, ordered the statutory bond to be given, and in default thereof committed the defendant to the criminal court of Fulton County, and fixed the amount of the bond for his appearance in that court to answer the charge of bastardy. Thereafter, a certified copy of the warrant and entries thereon was offered by the State and objected to by the defendant, on the ground that the original had not been properly accounted for. The court sustained the objection. Later on during the trial, the original with entries thereon was located, and was identified by the prosecutrix as the one which she signed before the committing magistrate. The trial judge admitted the original in evidence over objection that it had not been properly identified. The testimony of the prosecutrix was sufficient identification. It is contended that the testimony of the committing magistrate was highly prejudicial and harmful to the defendant's case. We think that this contention is without merit for two reasons. In the first place, it does not appear anywhere in the record that the magistrate was permitted to go further than the bare fact of the trial, the finding, the refusal of the defendant to give the bond required of him, and the commitment of the defendant to a court of competent jurisdiction for trial. The original warrant and entries thereon showed identically the same thing, and we can not conceive how there would be prejudice to the defendant. Especially is this true when the jury and all concerned were obliged to have known that the only purpose for which the magistrate was offered as a witness was to make secondary proof of the missing warrant and entries thereon. This contention is without merit for another reason. The trial judge made it plain

to counsel for the defendant and to the jury that the evidence of the magistrate was to clear the way for the introduction of secondary evidence only. When the original warrant was found, counsel made no further effort to have the testimony of the committing magistrate erased from the record, or removed as a hurtful impression, from the minds of the jury. See *Cawthon* v. *State,* 119 *Ga.* 395 (7) (46 S. E. 897). What we have said relates also to the errors assigned and contentions made in special grounds 2 and 3, since they deal with the same question as a whole.

In special ground 4 error is assigned because the court permitted the prosecutrix to testify as to why the length of time, two to three years, intervened between the time of the alleged intercourse and the time of the trial. The objection to this testimony was that it was a conclusion. The prosecutrix testified that she first endeavored to get a trial in another court, but was unable to do so; that she abandoned that court and put her cause in the criminal court of Fulton County; and that the first trial there resulted in a mistrial. It seems that these statements were facts and not conclusions, and under the whole setting we think that the evidence was admissible. We can not see how it could have caused any harm to the defendant.

Special ground 5 complains of a question propounded to the prosecutrix as "leading." Granting that the question was leading, the court had a discretion to allow it.

Special ground 6 complains because the prosecutrix was permitted to testify as to the age and physical condition of the justice of the peace at Alpharetta, Georgia, before whom she first endeavored to have her case tried. This testimony was admitted in connection with that dealt with in the next preceding paragraph, and shows no error.

Special ground 7 complains of the admission in evidence of a leading question to the prosecutrix and her answer thereto. As above stated, this was in the discretion of the court, and not erroneous under the facts of the case.

Special ground 8 complains of the admission of certain letters in evidence. These letters were written by the defendant to the prosecutrix, some over a year before the alleged illegal intercourse resulting in the birth of the child, and some afterwards. The objection to the admission of these letters was to the effect that they

were without probative value, immaterial, and offered for the sole purpose of prejudicing the jury in favor of the prosecutrix, and to the harm of the defendant. These letters were couched in very endearing terms. One of them addressed the prosecutrix as "My dear wife," another, "To my loved one," another, "To my dearest one." There was no controversy as to whether the defendant wrote the letters to the prosecutrix. Under the evidence and the defendant's statement, the letters were admissible as circumstances to be considered along with such statement and all the other evidence in the case. The letters tended to illustrate to the jury that the contentions of the prosecutrix rather than those of the defendant were true. The court did not err in overruling and denying the certiorari for any reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*