## BROWN *v.* THE STATE.

No. 16021.   JANUARY 9, 1948.

*T. A. Herndon Jr.*, *O. W. Roberts Jr.*, and *Emmett Smith*, for plaintiff in error.

*Eugene Cook, Attorney-General, L. M. Wyatt, Solicitor-General, Willis Smith, Wright Lipford, Assistant Attorney-General, and Mary B. Rogers, contra.*

ATKINSON, Justice. (After stating the foregoing facts.) ■ The evidence was sufficient to authorize the verdict.

■ The first ground of the amended motion asserts error in the admission of the written confession of the accused, on the ground that the evidence did not show it to have been freely and voluntarily made. After having testified that it had been freely and voluntarily made without hope of benefit of fear of injury, the witness stated that there had been a demonstration around the Carroll County jail, and he and two other officers took the accused to the Fulton County jail, leaving Carrollton between 2 and 3 o'clock a. m. and arriving in Atlanta about 4:30 a. m.; and that the statement was made about 5 a. m. On cross-examination, the witness testified: "He made the statement before we got to Atlanta and said he would give a written statement after we got to Atlanta. . . I asked him, would he tell the truth about it? nobody would believe he was shooting at no rabbit, and he said he would. . . I did not tell him it would be better for him to tell the truth. . . He knew what was in the affidavit. He sat at the table and made the statement and the Deputy Sheriff of Fulton County wrote it down, and when he got through writing it down, he would read it." On the trial the defendant in his statement said: "The man that was on the stand here he questioned me more than any of the rest of them in the car. He kept after me to tell the truth. . . He says, 'It takes a lot more burning for a man that weighs more than one who weighs less. . .' I was already scared. . . Carried me down there about 4:30. I was sleepy and scared. They left me in a little old cell, wasn't no bed down on the floor. . . He made the statement and wrote it. The statement they made was not true."

Whether the confession was freely and voluntarily made was a question for the jury, and under the foregoing evidence as to this issue they were authorized so to find, and give it consideration as part of the evidence in the case. *Bryant* v. *State,* 191 *Ga.* 686 (1) (13 S. E. 2d, 820), and citations. Its admission in evidence was not error.

■ The second ground of the amended motion alleges error based upon leading questions propounded by the solicitor-general to a State's witness. . The witness on direct examination had described the gunshot wounds on the deceased and testified that "gunshot wounds caused his death." Upon cross-examination, in answer to the question, "You couldn't be positive about that producing his death?" he answered, "I would say that same shot would produce death." Then upon redirect examination by the solicitor-general the following, which is here excepted to, took place: Q. "There is no doubt about that kind of a wound producing death?" A. "No, sir." Mr. Smith: "I object to that question as leading." The court: "Don't lead the witness." Q. "Is there any doubt whether or not a wound like that would cause death?" A. "No, sir." Mr. Smith: "I still object to that as leading." The court: "Go ahead, I overrule the objection."

While the two answers given by the witness were elicited by leading questions, yet when considered in connection with the witness's previous testimony given on the identical question, we do not see any injury to the accused. A judge is given latitude and· discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error. *Hill* v. *State*, 41 *Ga.* 484 (5) ; *Parker* v. *Georgia Pacific Ry. Co.*, 83 *Ga.* 539 (1) (10 S. E. 233) ; *City of Rome* v. *Stewart*, 116 *Ga.* 738 (2) (42 S. E. 1011) ; *Caison* v. *State*, 171 *Ga.* 1 (9) (154 S. E. 337).

■ By the third ground of the amended motion, the accused contends that the court erred in charging the jury as to the defense of the accused, as follows: "He sets up and contends that, while it is true the deceased, David A. Boyd, was shot and died from the·wound, that death resulted from an accident, that he had no intention of killing the deceased, David A. Boyd, that the mortal wound he received was the result of an accident, and for that reason he is guilty of no offense." The accused insists that the portion of the charge which says he "contends that, while . . David A. Boyd was shot and died from the wound," was prejudicial and injurious to him, in that it misstates the contention of the accused on a material issue; as the indictment having alleged that the deceased was killed by "shooting him . . with a loaded shotgun," it was a burden on the State so to prove,

rather than that he died by drowning. As to the cause of death, Otis King testified: "I found Mr. Boyd. . . He was in the river. He was dead. . . He was shot in the back . . with shotgun. . . Shot at the river, blood was on the ground. . . Was about five feet from it (river). . . He said he shot Mr. Boyd and rolled him in the river." R. O. Taylor testified: "On the body was a gunshot wound, in the neck, and those shot extended way down in the back. . . I don't know how many shot went in him, practically all that was in the shell. . . That gunshot wound caused his death." In his statement, the defendant said: "I was shooting at a rabbit and hit him. I walked up there and there he was lying down there. I broke and run back across the road. I come back up there. I didn't know whether he was dead or not. I didn't look to see. I was nervous. . . I didn't stay there but two or three minutes. I came back up there and throwed him off in the river." There is no evidence in the record that the deceased died of drowning, or from any cause other than the gunshot wound. While it was inapt, in charging the contentions of the accused, to say that he contends the deceased was shot and died from the wounds, yet, there being no dispute of the fact that the accused shot the deceased and that the deceased was dead, and no evidence being produced that the deceased died from any other cause, such inapt expression in the charge could not have been injurious to the accused.

■ The fourth ground of the amended motion is abandoned. By the fifth ground, error is alleged in the following charge: "Now while the law presumes where a homicide is committed with a deadly weapon that it was malicious, yet that presumption of malice may be rebutted by the defendant by evidence offered by State or the defendant, either or both." It is insisted that this portion of the charge was error, in that it eliminated from the consideration of the jury on this question the defendant's statement, and confined their consideration to the evidence only.

There have been many instances where exceptions have been brought to this court to portions of the trial judge's charge where, in charging certain rules of law in criminal cases, the charge has referred to evidence without specifying also the defendant's statement, in instances where the defendant's statement should also have been taken into consideration. Where this has been done

in charging on the subject of reasonable doubt, it was held to be not erroneous. *Miller* v. *State,* 94 *Ga.* 1 (2) (21 S. E. 128); *Walker* v. *State,* 118 *Ga.* 34 (1) (44 S. E. 850); *Lucas* v. *State,* 146 *Ga.* 315 (11) (91 S. E. 72); *Williams* v. *State,* 170 *Ga.* 886 (2) (154 S. E. 363); *Welch* v. *State,* 176 *Ga.* 410 (3) (168 S. E. 256). Also, as to the fears of a reasonable man, *Lacewell* v. *State,* 95 *Ga.* 346 (2) (22 S. E. 546); overcoming the presumption of innocence, *Roberts* v. *State,* 123 *Ga.* 146 (7) (51 S. E. 374); source of evidence in determining guilt, *Jordan* v. *State,* 130 *Ga.* 406 (5) (60 S. E. 1063); to make legal and proper verdict, and in determining the truth of the case, *Rouse* v. *State,* 136 *Ga.* 356 (5) (71 S. E. 667); as to the fact of a conspiracy, *Stanford* v. *State,* 153 *Ga.* 219, 235 (112 S. E. 130); threats, menaces, and contemptuous gestures in determining whether the defendant shot under the fears of a reasonable man, *McKie* v. *State,* 165 *Ga.* 210 (8) (140 S. E. 625). In *Vaughn* v. *State,* 88 *Ga.* 731 (4), 734 (16 S. E. 64) on the same general principle of law as here involved, the court charged: "Where the State proves the fact of the killing by the defendant, the law presumes that the killing was murder, and that it then becomes incumbent on the defendant to show to the jury by evidence that it was either justifiable homicide or some grade of homicide below murder." This charge was held not erroneous. In the instant case the judge correctly charged as to the prisoner's statement to the jury, and having done so, it was not error, while charging upon the law of the presumption of malice, to say that it may be rebutted by evidence offered either by the State or by the defendant, and to omit to say that it might also be rebutted by the defendant's statement.

■ Under the sixth ground of the amended motion, error is alleged in not charging, without a request, the law of involuntary manslaughter in the commission of a lawful act, without due caution and circumspection. Code, § 26-1009. In the statement which the accused made to the officers when arrested, and also in his statement to the jury, the accused claimed that at the time he shot the deceased he was shooting at a rabbit. There is no evidence in the record of any circumstances that would tend to show any lack of caution or circumspection. The defense was that the homicide was an accident, and the judge charged the law of misfortune or accident. (Code, § 26-404.) The evidence did

not require a charge on the principle of law suggested. *Lyles* v. *State,* 130 *Ga.* 294 (9) (60 S. E. 578).

■ By the seventh ground of the amended motion, error is alleged in not declaring a mistrial. While the witness who had testified as to the circumstances of the signing of the written confession was on the stand, upon cross-examination, he was asked: "When that statement, . . just how come him to make the statement?" Answer: "I had worked him in the chaingang. . ." Counsel: "That is not in response to my question. . . I ask Your Honor to declare a mistrial." Court: "I think it was in response to your question. . . I rule out that part that he worked him. Gentlemen of the jury, you will not consider that part of the answer to the question. . . I hold it in response to your question. However, I rule it out."

It seems that the attempted response of the witness was going to be within the purview of the question as propounded, which question was broad and unlimited in so far as permitting the witness to give his reasons why the accused made the statement. The trial judge having ruled out the incomplete attempted answer, and immediately instructed the jury not to consider it, the refusal to declare a mistrial was not error. *Worthy* v. *State,* 184 *Ga.* 402 (1) (191 S. E. 457); *Tye* v. *State,* 198 *Ga.* 262 (4) (31 S. E. 2d, 471).

■ The eighth ground of the amended motion alleges error by reason of the following: While a State's witness was under cross-examination, he was asked the question, "You told him it would be better for him to tell the truth?" Answer, "No, sir." The court: "He has answered that question." At this point there was clapping of hands by a few people in the courtroom. The judge immediately said: "I will clear the courtroom if that happens again. There will be no demonstration at all from the audience."

This is alleged to be error because the court did not ascertain and punish the guilty parties and failed to instruct the jury not to let this influence them in making their verdict. No motion for mistrial was made. The action of the trial judge in rebuking the demonstrators was upon his own motion. No request for any further action by the judge was invoked. The circumstances of the demonstration were not so extraordinary as would require the grant of a new trial in the absence of a motion for mistrial

timely made. *Patton* v. *State*, 117 *Ga.* 230 (9, 10) (43 S. E. 533);
*O'Dell* v. *State*, 120 *Ga.* 152 (5) (47 S. E. 577); *Rawlins* v. *State*,
124 *Ga.* 31 (7) (52 S. E. 1); *Frank* v. *State*, 141 *Ga.* 243 (16)
(80 S. E. 1016); *Hendrix* v. *State*, 173 *Ga.* 419 (2), 420 (160 S. E.
614); *Cato* v. *State*, 183 *Ga.* 277 (1) (188 S. E. 337); *Tye* v.
*State*, 198 *Ga.* 262 (4) (31 S. E. 2d, 471).

*Judgment affirmed. All the Justices concur, except Duckworth,
P. J., absent on account of illness, and Wyatt, J., who took no
part in the consideration or decision of this case.*