33966. HANSON *v.* THE STATE.

314

Decided April 17, 1952—Rehearing denied May 6, 1952.

*Orrin Roberts*, for plaintiff in error.

*D. M. Pollock, Solicitor-General*, contra.

Gardner, P. J. ■ In the first special ground of the motion for a new trial, the defendant assigns error on the court's permitting the solicitor-general, in his direct examination of the female whom the defendant was being tried for seducing, to lead the witness, as follows:

"Q. Did you allow him to have sexual intercourse with you? A. Yes sir. Q. Was that by his persuasion?"

Counsel for the defendant thereupon objected on the ground that the solicitor was leading his witness, and the court ruled, "I will not allow him to ask her that."

"Q. Did he tell you that you were already engaged and were going to get married? Is that the reason you let him? A. Yes, sir. Q. Up to that time had you ever had sexual intercourse with anybody? A. No, Sir. Q. You never had been married? A. No, sir. Q. Did you allow him to have sexual intercourse with you at that time because of the fact that you were engaged to him? A. Yes, sir."

The defendant's counsel again objected to the solicitor leading the witness. The trial judge ruled, "In this character of cases

I will allow the solicitor to lead the witness, it would save embarrassment."

"Q. Is that the reason for it? A. Yes, sir. Q. After you had intercourse with him, where did you go? A. He took me home."

It is contended by the defendant that the foregoing colloquy, wherein the court allowed the solicitor to "lead and tell his witness the vital elements involved, on direct examination, was harmful" to the defendant, and that "there is no more reason to permit the solicitor to lead the witness in this character of cases than in other cases."

It is urged by the defendant, in his brief in this court, that the language used in overruling the objection to the solicitor leading his witness influenced the jury, giving to them "the idea that this was a special type of criminal case in which the law did not apply" to the solicitor "leading his witness and putting into her mouth the essential elements of the case." The defendant says that the reason given by the court—in overruling his objections to the solicitor leading the witness, and permitting him to lead her—that to lead the witness in this kind of case would save the witness from embarrassment, was not a proper reason and tended to harm the defendant.

It is true that, as a general rule, leading questions are permissible only on cross-examination. Code, § 38-1706. But, even so, the statute (Code, § 38-1706) provides that "the court may exercise a discretion in granting the right to the party calling the witness . . when from the conduct of the witness or other reason, justice shall require it." It has been held that, even though the witness is not hostile but is favorable, as where the witness is a party, or, as here, is the injured female in a criminal prosecution for seduction, the reviewing court will not control the trial judge's discretion, and a new trial will not be granted in such a case unless it is plainly apparent that the judge in the exercise of that discretion manifestly abused it, and that thereby the defendant suffered harm. See *Cade* v. *Hatcher*, 72 *Ga.* 359; *Lauchheimer & Sons* v. *Jacobs*, 126 *Ga.* 261, 267 (55 S. E. 55); *Hawthorne* v. *Pope*, 51 *Ga. App.* 498, 501 (1) (180 S. E. 920), and cit. The defendant must have been injured by reason of the court's permitting the solicitor to lead his own witness. *Peterson* v. *State*, 6 *Ga. App.* 491 (65 S. E. 311). The court may

in his discretion allow the solicitor to propound leading questions to the State's witness. *Lyles* v. *State,* 130 *Ga.* 294 (4) (60 S. E. 578); *Subia* v. *State,* 46 *Ga. App.* 422 (7) (167 S. E. 726); *Caison* v. *State,* 171 *Ga.* 1 (9) (154 S. E. 337). The trial court is given great latitude and discretion in permitting counsel to lead the witness in an effort to get to the true facts and elicit from such witness exactly what the witness may know relative to the matter under consideration. *Hawthorne* v. *Pope,* supra. Also, in permitting the solicitor to ask his witness leading questions, over objection of the defendant, the trial judge may give his reason therefor. *Morgan* v. *State,* 17 *Ga. App.* 124 (86 S. E. 281); *Mulligan* v. *State,* 18 *Ga. App.* 464 (11) (89 S. E. 541). It is only in extreme cases, if at all, that the reviewing court will grant a new trial because the trial judge permits leading questions to be asked. *Parker* v. *Georgia Pac. Ry. Co.,* 83 *Ga.* 539 (10 S. E. 233); *Doster* v. *State,* 93 *Ga.* 43 (18 S. E. 997); *City of Rome* v. *Stewart,* 116 *Ga.* 738, 740 (42 S. E. 1011); *Peretzman* v. *Simon,* 185 *Ga.* 681, 683 (19 S. E. 471); *Gore* v. *State,* 162 *Ga.* 267 (5) (134 S. E. 36); *Ferrell* v. *State,* 70 *Ga. App.* 651, 653 (29 S. E. 2d, 185).

We are of the opinion that, applying the foregoing and taking into consideration the facts appearing in the record in this case, it does not appear that the trial judge so abused his discretion as to require the grant of a new trial. The defendant did not object to the evidence produced by the questions of the solicitor, but objected to the solicitor leading the witness. "The admission or rejection of evidence produced by leading questions is in the sound discretion of the trial judge, and unless there is an abuse of that discretion, to the prejudice and injury of the complaining party, this court will not interfere." *Brown* v. *State,* 203 *Ga.* 218 (3) (46 S. E. 2d, 160); *Hill* v. *State,* 41 *Ga.* 484 (5). In *Keller* v. *State,* 102 *Ga.* 506 (6) (31 S. E. 92), the Supreme Court held that the trial judge did not abuse his discretion in permitting the solicitor-general to ask the girl whom the defendant was charged with having seduced, and who was the State's witness, leading questions as to the defendant's promises of marriage accompanying the acts of sexual intercourse between the defendant and the witness. It appeared from the evidence that the witness, who was the female the

defendant was charged with having seduced, was at the time of the trial only 17 years of age, and it does not appear that she was a hardened and worldly wise girl. We cannot see how the judge abused the discretion reposed in him under the law in such matters. He could tell whether the ends of justice required that the witness under the circumstances should be led. No error appears from this ground.

■ In special ground 2, the defendant insists that the court erred in refusing to admit, on cross-examination by his counsel of the girl involved, who had testified for the State, testimony elicited from her as to her actions after the commission of the offense for which the defendant was being tried, as follows:

"Q. Didn't you ride around with Peters, who married the Hester girl, after he separated from his wife? A. No, sir. Q. On Sunday? A. No, sir. Q. Didn't you and your sister? A. No, sir."

At this point the solicitor objected, stating "I don't think anything she did after the occasion would have any bearing on it, and I object to it as being irrelevant and immaterial." The court stated, "Well, she said she didn't do it." Counsel for the defendant stated in reply that the character of the witness "is in issue," and "the company she keeps is permissible." Thereupon the trial judge ruled "Anything she might have done afterwards wouldn't be admissible. . . If before, it would be permissible, but afterwards, it wouldn't." The defendant "contends that this ruling was error and was harmful" to his cause. This is the extent of the defendant's assignment of error in special ground 2. He does not show how or wherein such ruling was harmful to him. He does not show that he had or could have produced evidence to the effect that the witness had ridden around with the man Peters after he had separated from his wife. The defendant states in his brief that in this ground he "complains of the refusal of the court to admit certain testimony therein set out, when the defendant's counsel attempted to show that the prosecutrix had been riding around on Sundays with a married man, and that the character of the prosecutrix, before and after the alleged seduction, was an issue, and the evidence of her conduct, before and after the date of the alleged seduction, was admissible to impeach her character." Assuming, but not determining, that this ground is sufficient to raise the question

as to the admissibility of evidence regarding the character of the girl alleged to have been seduced by the defendant, both before and after the seduction, we are of the opinion that the trial judge properly ruled that proof of her conduct prior to the seduction was admissible, but that evidence as to acts subsequent to the seduction was not admissible. In *Davis* v. *State*, 31 *Ga. App.* 522 (3) (121 S. E. 136), this court held that, where the defendant attacks the chastity of the female by proof of her reputation, it is proper that the trial judge restrict the proof to her reputation at and prior to the time of her seduction. See also *Mann* v. *State*, 34 *Ga.* 1; *Wood* v. *State*, 48 *Ga.* 192 (15 Am. R. 664); *Keller* v. *State*, supra. This special ground does not show error.

■ Under the evidence the verdict of guilty against the defendant was authorized. The testimony for the State tended to show that the girl seduced was unmarried and was at the time 16 years old, and that she had engaged in the act of sexual intercourse with no one prior to having such relations with the defendant. This girl testified that the defendant told others when she and he were out together that they were going to be married and that he asked her mother and father for her. She testified that she was engaged to marry the defendant; that she considered that she was so engaged after the defendant asked for her hand and was not refused; and that "We acted as engaged couples do, he kissed and hugged me." She stated that, on the occasion of the first intercourse, they were out riding in the car of the defendant and he turned off the road and asked her to have intercourse with him, and that "I told him I don't want to, but he kept saying we were engaged and were going to get married, and I thought he was telling the truth, so I went on with him." She testified: "The reason I let him was he said we were already engaged and were going to get married. . . Up to that time I had never had sexual intercourse with any one. . . I let him because of the fact we were engaged. . . The reason I let him have intercourse with me is that I loved him." This evidence supports a verdict of guilty and the verdict is not contrary to law for any reason. See *Woodard* v. *State*, 5 *Ga. App.* 447 (63 S. E. 573), holding "To accomplish sexual intercourse with a virtuous woman, pending a virtuous engagement

to marry her, may be seduction, though consent be obtained without other persuasion than that which is implied (considering the past courtship and the present relations of the parties) in proposing the intercourse and repeating the promise." That the female did so because of love she bore the defendant is admissible. *Washington* v. *State,* 124 *Ga.* 423 (8) (52 S. E. 910).

It follows that the court properly denied the defendant's motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*