## 71163. AMERSON v. THE STATE.
### (338 SE2d 528)

DEEN, Presiding Judge.

The following facts emerged during the trial of the instant case. The thirteen-year-old victim was walking with her middle-aged female neighbor to a nearby convenience store when the girl, thinking she recognized appellant as someone she had met in the neighborhood, hailed his passing car and asked if he would take her and her companion to the convenience store and then to adjacent Jones County so that the woman might check on the welfare of her married daughter, who lived in a mobile home there and had no telephone. According to evidence presented at trial, appellant agreed and took them first to the store and then to the daughter's home, where all three visited for a half-hour or more. The two females then asked appellant to drive them back to Macon; he agreed to do so, and the three left the mobile home. Instead of returning his two passengers to their homes, however, appellant drove to a nearby wooded area, where he parked the car and ordered the women to disrobe and to commit sodomy. They followed the first instruction but refused to obey the latter, whereupon appellant commanded the older woman to lie down in the back seat, and then proceeded to rape the thirteen-year-old. During at least part of the time appellant was holding what appeared to be a gun.

Appellant next drove to another wooded area, which the victims recognized as being located in a Jones County park, and ordered the

woman to get out and sit on a rock some distance from the car, from which position she was able to hear the girl's screams as appellant raped her for the second time. Appellant, who had given the victims a false name, then dropped off the two near the convenience store. The older victim was able to write down the car's license number as it drove away. The automobile was subsequently stopped by a Texas state trooper acting on probable cause, and after a license check revealed that the driver was wanted, appellant was returned to Georgia to stand trial.

Amerson testified that the victims had offered to have sex with him, that the girl had pulled a knife and ordered him to drive around, and that he could not have raped anyone because he was impotent. He offered no evidence in support of these allegations.

A Jones County jury found Amerson guilty on two counts of rape, one count of kidnapping, and one count of kidnapping with bodily injury. As a recidivist Amerson received the maximum sentence on each conviction: life imprisonment without parole on Count III (kidnapping with bodily injury); twenty years on the first count of rape (Count I), consecutive to the sentence on Count III; twenty years on the second rape charge (Count II), to be served concurrently with Count I; and twenty years on Count IV (kidnapping), to be served consecutively to Counts I and II. The conviction and sentence on Count I were subsequently vacated, the trial court holding that the first count of rape was incorporated in the charge of kidnapping with bodily injury.

On appeal Amerson alleges that the court erred in not vacating the conviction and sentence on Count II as well as on Count I, and in denying his motion for a new trial. In ten further enumerations he assigns as error the sufficiency of the evidence; proof of venue; the court's refusal to give certain requested jury instructions; the denial of certain motions other than the motion for new trial; and the alleged harshness and excessiveness of the sentences, asserting that they amount to "cruel and unusual punishment" in violation of the Constitutions of the United States and Georgia. *Held*:

1. The trial court did not err in refusing to vacate Count II. The state concedes, and we agree, that the first count of rape merged with the count of kidnapping with bodily injury, and that the trial court acted properly in vacating the conviction and sentence relative to Count I. See OCGA § 16-1-7. As to Count II, however, the evidence was sufficient to establish the elements of rape as a separate offense distinct from that incorporated in Count III. That the appellant may not have achieved full penetration during the second rape is not significant as a matter of law in establishing the commission *vel non* of the crime alleged, as it is well settled that only slight penetration is necessary in order to constitute rape. *Jackson v. State*, 157 Ga. App.

604 (278 SE2d 5) (1981). Likewise, there was sufficient competent evidence adduced to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt on all counts. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State,* 250 Ga. 805 (301 SE2d 274) (1983). Appellant's first and fifth enumerations of error, as well as the second allegation of Enumeration 3, are without merit.

2. The record reveals that the evidence was such as to establish venue in Jones County on all counts, and that none was presented which would point to venue in another county. Under OCGA § 17-2-2 (b), venue can be established "in any county in which the evidence shows beyond a reasonable doubt that [the crime] might have been committed." Only slight evidence is sufficient to prove venue. *Jones v. State,* 245 Ga. 592 (266 SE2d 201) (1980). In a kidnapping case venue is where the victim was seized. *Harris v. State,* 165 Ga. App. 249 (299 SE2d 924) (1983). It is clear from the evidence that the victims were "seized" when, as they left the Jones County mobile home, appellant drove them to a nearby wooded area rather than to their homes, as they had requested. The first rape (that which constituted the "bodily injury" alleged in the third count) occurred in this wooded area. The second rape (Count II) took place in a park which indisputably is located in Jones County. Moreover, since the conviction on Count I was vacated, the enumeration of improper venue is moot as to Count I. Appellant's third and ninth enumerations are also without merit.

3. Appellant avers that it was error for the trial court to permit the prosecuting attorney, over defense counsel's objection, to continue to question the thirteen-year-old victim regarding the details of the second rape after she had testified that she could not determine the extent of penetration achieved by her assailant. As we have pointed out in Division 1, supra, the extent of penetration is of no legal significance in establishing the offense. The courts have traditionally accorded a great deal of latitude in the examination of young or timid or otherwise disadvantaged witnesses. *Hayslip v. State,* 154 Ga. App. 835 (270 SE2d 61) (1980); *Hanson v. State,* 86 Ga. App. 313 (71 SE2d 720) (1952). In *Hanson* the witness, testifying in a seduction trial, was seventeen — four years older than the victim in the instant case. In that case, this court specifically noted that the nature of the offense was sexual and held that in such a case, when the victim was of tender years, the trial court did not abuse its discretion in permitting repetitive and even leading questions. We find the same considerations to obtain here, and therefore find appellant's fourth enumeration without merit.

4. It is elementary that the trial court is not obligated to give requested jury instructions that do not accurately state the law or that are not adjusted to the evidence. See, e.g., *DeBerry v. State,* 241

Ga. 204 (243 SE2d 864) (1978). Moreover, even if these threshold requirements are met, the court is not required to give a jury instruction in the exact language requested if the matter of the requested instruction is covered elsewhere in the jury charge. *Hand v. Hand*, 244 Ga. 41 (257 SE2d 507) (1979); *Wilbanks v. State*, 165 Ga. App. 876 (303 SE2d 144) (1983). The jury charge as a whole, and not isolated segments thereof, is to be looked to in determining whether or not the trial court fully and fairly covered the points contained in the refused instructions. See *Lavender v. State*, 234 Ga. 608 (216 SE2d 855) (1975); *Talley v. State*, 164 Ga. App. 150 (296 SE2d 173) (1982). The trial transcript in the instant case reveals that the court's charge to the jury, when viewed as a whole, meets this criterion. The eleventh enumeration is also without merit.

5. The trial court's denial of the motions enumerated in numbers 6, 7, 8, and 10 entails matters which address themselves to the discretion of the trial court, which is not to be disturbed unless the appellate court finds abuse of that discretion. After careful study of the record we conclude that none of the rulings on the motions constituted abuse. The state presented evidence that appellant's automobile was searched in Texas pursuant to a search warrant and for probable cause. Appellant attempted orally to supplement his motion to suppress by challenging the validity of the affidavit supporting the warrant. This court has held that an appeal on a specified ground is waived unless the motion to suppress on that ground is in writing. See OCGA § 17-5-30 (b); *Dennis v. State*, 166 Ga. App. 715 (305 SE2d 443) (1983). Moreover, "To mandate an evidentiary hearing [on the validity of the affidavit], the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons." *State v. Slaughter*, 252 Ga. 435 (315 SE2d 865) (1984), citing *Franks v. Delaware*, 438 U. S. 154, 171 et seq. (98 SC 2674, 57 LE2d 667) (1978). Moreover, in the fact situation of the instant case, the search was legal as incident to a lawful arrest. See *Powell v. State*, 170 Ga. App. 185 (316 SE2d 779) (1984). Appellant's sixth enumeration is without merit.

As to the motion for a sequestered voir dire, appellant apparently misinterprets the provisions of OCGA § 15-12-133 which grant to counsel for the prosecution and the defense "the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge." Georgia's Supreme Court expressly held in a recent decision that the statute does not contemplate iso-

lated examination. *Messer v. State*, 247 Ga. 316 (276 SE2d 15) (1981). The court went on to hold at 323: "The control of the [voir dire] is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." See also *Whitlock v. State*, 230 Ga. 700 (198 SE2d 865) (1973). The seventh enumeration of error is devoid of merit.

Similarly, there was no abuse of discretion in the trial court's denial of appellant's motion for a jury viewing of his automobile. The court apparently reasoned, and rightly so, that a view of the automobile would have had little if any probative value as to the issues of the instant case. In *Megar v. State*, 144 Ga. App. 564 (241 SE2d 447) (1978), a case precisely on point as to this issue, this court held that the " 'matter is discretionary, and the court did not abuse its discretion in denying the request.' " See also *Sutton v. State*, 237 Ga. 418 (228 SE2d 815) (1976).

As to appellant's special demurrer to the indictment, the record shows that the overruled convictions did not appear on the indictment which went out with the jury. Appellant has shown no prejudicial error flowing from the challenged indictment, and we find none. See *Wooten v. State*, 160 Ga. App. 747 (288 SE2d 94) (1981).

6. Under the recidivist statute, OCGA § 17-10-7, the trial court was required to give the maximum sentence permissible for each count. Paragraph (b) of this statute mandates that a person who has had three or more prior felony convictions must serve any new sentence without the possibility of parole. Appellant has not challenged the constitutionality of that statute. This enumeration, too, is without merit.

7. In view of the foregoing, we find that the trial court did not err in denying appellant's motion for a new trial.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1985.

*G. B. Moore III*, for appellant.
*Joseph H. Briley, District Attorney, Norman R. Miller, Assistant District Attorney*, for appellee.