A91A0416. LANOIS et al. v. PETTY.
(405 SE2d 753)

CARLEY, Judge.

Appellant-plaintiffs brought suit, seeking to recover for personal injuries and property damage allegedly incurred in a vehicular collision. Appellee-defendant answered and counterclaimed to recover for personal injuries and property damage allegedly incurred in the collision. The case was tried before a jury and a verdict in favor of appellee was returned on the main action and a verdict in favor of appellants was returned on the counterclaim. Appellants appeal from the judgment entered by the trial court on the jury's verdicts.

1. In several enumerations, appellants urge that the investigating officer was erroneously allowed to give inadmissible opinion testimony.

The record shows that the only objection in this regard that was raised in the trial court was when the investigating officer was asked if he had "an opinion as to whether [appellant] Ms. Lanois contributed in any manner to this accident?" Although appellants' objection to this question was overruled and the investigating officer testified that he did have an opinion, the record shows that he never testified as to what that opinion was. Since no opinion was ever elicited, the error, if any, in failing to sustain appellants' objection was harmless.

2. During the direct examination of the investigating officer, appellants made numerous objections to questions on the ground that they were leading. However, even assuming that the questions were leading, there was no reversible error in the trial court's failure to sustain appellants' objections thereto. "A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error. [Cits.]" *Brown v. State*, 203 Ga. 218, 221 (3) (46 SE2d 160) (1948).

3. The failure to give one of appellants' requested charges is enumerated as error.

The record shows that the trial court undertook to charge the jury on the relevant legal principles contained in appellants' request, and that it did so without employing the argumentative language that was contained in appellants' refused request. Accordingly, there was no error.

4. Appellants' enumeration of the general grounds is without merit. "Questions of negligence, contributory negligence, cause and proximate cause, and whose negligence or what negligence constitutes the proximate cause of the injury are solely for the jury, except in plain, palpable and indisputable cases. [Cits.]" *Burger Barn v. Young*, 131 Ga. App. 828, 829 (3) (207 SE2d 234) (1974).

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs in Divisions 2, 3 and in the judgment.*

DECIDED MAY 15, 1991.

*Fraser & Bussart, Sherman C. Fraser, Mark S. Fraser*, for appellants.

*Michael L. Wetzel & Associates, Michael L. Wetzel, Freeman & Hawkins, Edward M. Newsom, Morse & Ontal, Jack O. Morse*, for appellee.