## A91A0228. CHERRY v. THE STATE.
(406 SE2d 531)

POPE, Judge.

Defendant Kenneth Cherry was convicted of the false imprisonment and rape of a 14-year-old victim and appeals.

1. The trial transcript shows the victim testified readily until the prosecutor commenced questioning her about the details of the crime. At that point, she would remain silent in response to a question or state she did not know the answer. The trial judge noted the witness' reticence and granted the prosecutor permission to lead the witness if necessary. We reject defendant's argument that the prosecutor was improperly allowed to testify. The prosecutor did not testify but

merely asked leading questions. The necessary elements of the crimes were established by the witness' own testimony in response to these questions.

The trial court did not abuse its discretion in allowing leading questions under the circumstances of this case. "The courts have traditionally accorded a great deal of latitude in the examination of young or timid or otherwise disadvantaged witnesses. *Hayslip v. State*, 154 Ga. App. 835 (270 SE2d 61) (1980); *Hanson v. State*, 86 Ga. App. 313 (71 SE2d 720) (1952). In *Hanson* the witness, testifying in a seduction trial, was seventeen — [two] years older than the victim [at the time of trial] in the instant case. In that case, this court specifically noted that the nature of the offense was sexual and held that in such a case, when the victim was of tender years, the trial court did not abuse its discretion in permitting repetitive and even leading questions. We find the same considerations to obtain here, and therefore find [defendant's] . . . enumeration without merit." *Amerson v. State*, 177 Ga. App. 97, 99 (338 SE2d 528) (1985).

2. We also find no merit in defendant's challenge to the verdict on the general grounds. The victim testified that she was held against her will in defendant's apartment and that he had sexual intercourse with her forcibly and against her will. When the police found her she was disheveled, crying and anxious, and her clothers were torn. She told the police she had been raped and led them to defendant's apartment where the bedroom in which the victim claimed to have been raped was in disarray and defendant was found asleep in another bedroom wearing nothing but a condom. The existence of the condom was the only evidence presented which could support defendant's argument that the intercourse was consensual. The victim testified that when defendant told her he was going to have sex with her despite her protestations, she asked him to use a condom. Construing the evidence in the light most favorable to sustain the verdict, we hold the evidence was sufficient to convince a rational trier of fact that defendant was guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 5, 1991.

*Kenneth D. Kondritzer, Lori Silverman*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A. Grace, Carl P. Greenberg, Assistant District Attorneys*, for appellee.