A91A0519. STINE v. THE STATE.
(406 SE2d 292)

POPE, Judge.
Defendant Kenneth Stine was convicted of five counts of child molestation and two counts of aggravated sodomy. Defendant appeals

following the denial of his motion for new trial.

1.(a) Defendant first argues that the evidence was insufficient to convict him of the offense of aggravated sodomy because the State failed to show that the acts of sodomy were committed "with force," as required by OCGA § 16-6-2 (a). This contention is wholly without merit. The victim in this case was seven years old at the time the acts were committed against her. "A [seven]-year-old child cannot consent to any sexual act. [Cits.] Sexual acts directed to such a child are, in law, forcible and against the will. [Cit.]" *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382) (1987). See also *Richardson v. State*, 256 Ga. 746, 747 (2) (353 SE2d 342) (1987). "Therefore, proof that the child was [seven] years old at the time of the offense is sufficient evidence that the act of sodomy was done with force and against the will of the victim. . . . In light of the above, there was sufficient evidence for a rational trier of fact to find [defendant] guilty [of the offense of aggravated sodomy] beyond a reasonable doubt . . . ." *Huggins v. State*, 192 Ga. App. 820, 821 (1) (386 SE2d 703) (1989).

(b) Defendant also challenges the sufficiency of the evidence to convict him of the offense of child molestation, contending there was no evidence that he committed the acts against the victim "with the intent to arouse or satisfy the sexual desires of either the child or the [defendant]." OCGA § 16-6-4. The evidence adduced at trial included testimony that defendant achieved orgasm while molesting the victim. After a careful review of the transcript, we have no hesitancy in concluding that the evidence in this case was sufficient to authorize a rational trier of fact to find defendant guilty of the offenses charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Zilka v. State*, 194 Ga. App. 471 (391 SE2d 23) (1990); *Thompson v. State*, 187 Ga. App. 563 (2) (370 SE2d 819) (1988).

2. Defendant next argues that the trial court erred in admitting evidence showing he had previously entered a guilty plea to an act of child molestation involving a ten-year-old girl because it placed his character in evidence and was highly prejudicial. "The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State*, 242 Ga. 649, 653 (3) (250 SE2d 394) (1978). "In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. . . . There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged." *Kilgore v. State*, 195 Ga. App. 884, 885 (2) (395 SE2d 337) (1990). In this case defendant pled guilty to the earlier offense and thus there is no question that he was the perpetrator of

the independent crime. "We also are satisfied that there exists a sufficient similarity [or] connection between the prior independent [crime] and the offenses charged. The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible. [Cits.]" *Oller v. State*, 187 Ga. App. 818, 820 (371 SE2d 455) (1988). Consequently, the trial court did not err in admitting evidence of the previous offense.

3. Contrary to defendant's final enumeration of error, the trial court did not abuse its discretion in allowing the State to use leading questions on direct examination of the victim. "The courts have traditionally accorded a great deal of latitude in the examination of young or timid or otherwise disadvantaged witnesses. *Hayslip v. State*, 154 Ga. App. 835 (270 SE2d 61) (1980); *Hanson v. State*, 86 Ga. App. 313 (71 SE2d 720) (1952). . . . In [*Hanson*], this court specifically noted that the nature of the offense was sexual and held that in such a case, when the victim was of tender years, the trial court did not abuse its discretion in permitting repetitive and even leading questions. We find the same considerations to obtain here, and therefore find [defendant's] . . . enumeration without merit." *Amerson v. State*, 177 Ga. App. 97, 99 (338 SE2d 528) (1985).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 6, 1991.

*Harry B. White*, for appellant.
*Darrell E. Wilson, District Attorney, Kimberly L. Schwartz, Assistant District Attorney*, for appellee.